UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ABEL DANILDO GEREZ BATISTA and all )
others similarly situated under 29 U.S.C. )     CASE NO.: 1:15-CV-20094-DPG
216(b), )
 )
        Plaintiff, )
  vs. )
 )
WINDOW MART, INC., )
LILIANA MORALES, )
LUIS A. MORALES, )
 )
        Defendants. )
_____ )

**PLAINTIFF'S MOTION FOR LEAVE TO
FILE AMENDED COMPLAINT**

**COMES NOW** the Plaintiff, through undersigned counsel, pursuant to Rules 15(a) 20(a) and 21 of the Federal Rules of Civil Procedure, hereby respectfully moves this Court for an order permitting him to add WM INTERNATIONAL GROUP, LLC and LILIANA MORALES to the complaint in this action as additional named defendants. In support thereof Plaintiff states as follows:

**INTRODUCTION**

1.      This matter sounds under the Fair Labor Standards Act and alleges claims for overtime and minimum wage violations and breach for oral contract.

2.      Defendants Window Mart, Inc., Liliana Morales, and Luis A. Morales are the only named Defendants.

3.      Defendant Liliana Morales was deposed on July 24, 2015 as an individual and 30(b)(6) corporate representative of Window Mart, Inc.

4.      During the deposition, and based upon information and belief, it has been discovered that WM INTERNATIONAL GROUP LLC was the employer of Abel Danildo Gerez Batista and he was the employee of WM INTERNATIONAL GROUP LLC.  It should be noted, that in responses to the interrogatories related to the amount of wages paid to plaintiff, Window Mart, Inc. responded as to the amounts paid to Plaintiff.

5.      As Plaintiff may seek further discovery, as to the new party defendant, it is important at this stage to include all proper parties in this matter.  Because Window Mart is an active corporation, even though written responses to request for production indicates that it conducts no business, Plaintiff believes nonetheless it is a joint FLSA employer, along with WM International Group LLC, of plaintiff Abel Danildo Gerez Batista during his respective period of employment and also part of a joint enterprise with the WM International Group, LLC.

6.      In light of the deposition and upon information and belief, furthermore, it has been discovered that the individual Defendant Liliana Morales is the corporate officer and/or owner and/or manager of WM INTERNATIONAL GROUP, LLC., who ran the day-to-day operations of WM INTERNATIONAL GROUP, LLC, and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203(d).

7.      In response to written discovery demands, Defendants have furnished Plaintiff with a one page document which provides the name Window Mart with an address of 12005 NW 7th Avenue in North Miami.  Based upon information and belief, Defendants are operating out of a storefront located at 12005 NW 7th Avenue and 12001 NW 7th Avenue in North Miami, Florida.

8.     Plaintiff finds it necessary to seek leave to add WM INTERNATIOAL GROUP, LLC and LIANA MORALES as new party Defendants, to allege that Window Mart, Inc., WM International Group and WM Group LLC were Plaintiff's joint employer under the FLSA operating a joint enterprise.

## MEMORANDUM OF LAW

Rule 15(a)(2) of the Federal Rules of Civil Procedure, moreover, provides that the "court should freely give leave when justice so requires." Reasonable requests to amend should be viewed with favor by the Court. *See* Wright v. Miller, *Federal Practice and Procedure,* §1848, p. 417 and cases cited therein. Leave to amend should normally be granted unless the moving party is guilty of undue delay, bad faith, dilatory motive or the proposed amendment would be futile or cause undue prejudice to the opposing party. *Forman v. Davis*, 371 U.S. 178, 182 (1962).

Rule 21 of the Federal rules of Civil Procedure states, in pertinent part, that:

> Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.

Courts have held that, as long as notice and an opportunity to be heard are given, parties may be added in the judge's discretion. Gentry v. Smith, 487 F. 2d 571 (5th Cir. 1973), Aero Corp. v. Depratment of the Navy, 493 F.Supp. 558 (D.C.D.C. 1981).

Under the law of the Eleventh Circuit, leave to amend should be freely granted when necessary in the interest of justice. *See Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999); *Espy v. Wainwright,* 734 F.2d 748, 750 (11th Cir. 1984)(recognizing "unless there is substantial reason to deny leave to amend, the discretion of the district court is not broad enough

to permit denial"). Here, the interests of justice will be served by allowing plaintiff to file the amended complaint adding WM INTERNATIONAL GROUP LLC Plaintiffs have not abused its privilege to amend, as this is the first time plaintiffs are seeking leave to amend.

Finally, the interests of judicial efficiency and judicial economy weigh strongly in favor of granting leave to amend. Suits brought §216(b) on behalf of similarly situated employees who have filed consents with the court facilitates the interests of judicial economy and avoidance of multiplicity of suits. *Shivers, supra,* at 6. (citations omitted). Here a separate action against defendants would be based upon the same facts and virtually identical legal theories. As such upon filing the separate action, and in accordance with Local Rule 3.8, plaintiffs would identify it as a "related" to the instant case "in order to avoid unnecessary duplication of judicial effort." Congress intended that such suits would be brought to avoid needless multiplicity. *Id.* (citation omitted). A new action, therefore, on the same underlying facts properly would be referred to as "related" and potentially consolidated with this action in any event, further supports granting the plaintiff's motion. *See, On Glory Enters. Ltd, v. Fashion 88 Ltd.* 2004 WL 51382, at *1(S.D.N.Y. Mar. 16, 2004) (granting amendment where new claims "revolve around" the same facts as those at issue in the pending action, such that, even were the motion denied and a separate action filed, it would be "referred . . . as a related case and consolidated with this case anyway"); *see also* Fed. R. Civ. P. 42(a) for setting forth the factors to be considered for consolidation of civil cases.

**WHEREFORE,** Plaintiff respectfully requests an enlargement for leave to file the first amended complaint attached hereto and to add WM INTERNATIONAL GROUP LLC.

## CONCLUSION

For the foregoing reasons, plaintiff urges this Court to order that (1) plaintiff's motion to add named defendants be granted, and (2) leave be given to amend plaintiff's original complaint to include allegations specific to the added parties.

## CERTIFICATE OF CONFERRAL

Counsel sought on prior occasions from counsel an agreement to amend this complaint. Defense counsel Adi Amit opposes the motion to amend to add WM International Group, LLC. . The first such occasion on May 2, 2015, the second time on July 6, 2015, and the third time being on August 5, 2015. Counsel, in person on July 24, 2015 asked for an agreement to amend and again by telephone on August 5, 2015 and finally on August 10, 2015. After a telephone conversation on August 10, 2015 counsel for defendant feels that the undersigned counsel misrepresenting the facts because transcripts of the deposition which occurred on July 24, 2015 have not been ordered. Upon which time plaintiff made changed sentences, then again resubmitted the motion again to opposing counsel. As of the last email correspondence, the undersigned and not received a response. Plaintiff's counsel is basing his representation to the Court in this motion on his notes taken at the deposition and upon his solid memory of that deposition which has occurred and those responses to written discovery.

Dated:  August 10, 2015         J.H. Zidell, P.A.

Attorney for Plaintiff
300 71st Street #605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865 – 7167

__/s/Steven C. Fraser__
Steven C. Fraser, Esq.
Fla. Bar No. 625825
Email: steven.fraser.esq@gmail.com

## CERTIFICATE OF SERVICE

      I hereby certify that on August 10, 2015, I electronically filed the foregoing Motion to Amend Complaint with the Clerk of Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all persons identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

      J.H. Zidell, P.A.
      Attorney for Plaintiff
      300 71st Street #605
      Miami Beach, Florida 33141
      Tel: (305) 865-6766
      Fax: (305) 865 – 7167


      __/s/Steven C. Fraser__
      Steven C. Fraser, Esq.
      Fla. Bar No. 625825
      Email: steven.fraser.esq@gmail.com


## SERVICE LIST

Via cm/ECF
Adi Amit, Esquire
Lubell & Rosen, LLC
200 South Andrews Avenue, Suite 900
Ft. Lauderdale, Florida 33301
adi@lubellrosen.com