UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:15-cv-20094-DPG

ABEL DANILDO GEREZ BATISTA and
all others similarly situated under 29 U.S.C.
216(b),

    Plaintiff,

v.

WINDOW MART, INC., LILIANA
MORALES, LUIS A. MORALES,

    Defendants.
_____/

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Defendants, WINDOW MART, INC., LILIANA MORALES, and LUIS A. MORALES, by and through their undersigned counsel, hereby file their Response to Plaintiff's Motion for Leave to File Amended Complaint [DE #25], dated August 10, 2015, as follows:

### SUMMARY OF RESPONSE

Plaintiff's Motion to Amend the Complaint should be denied because the proposed amendment is futile and is merely an attempt to prolong a lawsuit where the Court has no jurisdiction.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On January 12, 2015, Plaintiff, a helper, filed his Complaint for violation of the FLSA against the Defendants in this matter, alleging that he was employed by the named entity Defendant, that based upon his "information and belief," and that the entity has grossed more than $500,000.00 in each of the years 2012-2014.

On February 24, 2015, Defendants answered the Complaint, denying that the named entity Defendant grossed more than $500,000.00 in the relevant years. Defendants also denied that the named entity Defendant was Plaintiff's employer.

On June 9, 2015, the Court held a status conference. During the status conference, after Defendants' counsel advised the Court that jurisdiction was an issue, the Court ordered Plaintiff to conduct discovery regarding jurisdiction for thirty (30) days.

On July 24, 2015, the depositions of the two individual Defendants, as well as the representative of the named entity Defendant took place. During the depositions, the clear testimony of the witnesses stated that the named entity Defendant has never grossed an amount even near $500,000. Further, the testimony was also unequivocal that the entity that did employ Plaintiff never grossed anywhere near $500,000.00 in any of the relevant years and that it employed 1-2 employees (including the Plaintiff).

Now, on the eve of discovery cutoff (on August 28, 2015) and on the last day to amend the Complaint, and well beyond the thirty days the Court has allowed him to conduct jurisdictional discovery, Plaintiff is seeking to extend this case by adding the entity that employed Plaintiff (and one additional entity), knowing that they have grossed less than $500,000.00 (based on the witnesses' testimonies) even if their revenues are combined.

To the extent Plaintiff is claiming any confusion on the matter, the attached affidavit, along with the tax returns for the entities Plaintiff is seeking to add, clarify that the sought amendment would be futile.

## ARGUMENT

### Legal Standard

"When the time period for filing an amendment of a pleading as of right has expired, Rule 15(a) of the Federal Rules of Civil Procedure requires that amendment may be provided 'only by leave of court or by written consent of the adverse party.'" See, *Fla. Evergreen Foliage v. E.I. Dupont De Nemours & Co.*, 336 F. Supp. 2d 1239, 1251 (S.D. Fla. 2004) (citing Fed. R. Civ. P. 15(a)). "Rule 15(a) states that leave to amend 'shall be freely given when justice so requires.'" *Id*. "The Eleventh Circuit has held that motions for leave to amend complaints should be liberally granted when necessary in the interests of justice." *Id*. (citing *Jennings v. BIC Corp.*, 181 F.3d 1250, 1258 (11th Cir. 1999); *Florida Power & Light Co. v. Allis Chalmers Corp.,* 85 F.3d 1514, 1520 (11th Cir. 1996)). "The decision whether to permit an amendment is within the sound discretion of the court, however, the Supreme Court has held that the words 'leave shall be freely given' must be heeded." See, *Farrell v. Geithner*, 2013 U.S. Dist. LEXIS 105662 *3 (M.D. Fla. 2013) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

"A district court may exercise its discretion to deny a motion for leave to amend for 'any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, **futility of amendment**, etc.'" See, E*vergreen Foliage*, 336 F. Supp. at 1254 (citing *Foman v. Davis,* 371 U.S. at 182; *Maynard v. Board of Regents of the Division of Universities of the Florida Dep't of Education,* 342 F.3d 1281, 1287 (11th Cir. 2003)) (emphasis added).

"A denial of leave to amend is justified when the allegations in the amended complaint are subject to dismissal and the amendment would be futile." See, *Farrell*, 2013 U.S. Dist.

LEXIS 105662 *4 (citing *Hall v. United Ins. Co. of America,* 367 F.3d 1255, 1263 (11th Cir. 2004)).

"To survive a motion to dismiss, a plaintiff's complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" See, *Farrell*, 2013 U.S. Dist. LEXIS 105662 *5 (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 546 (2007)). "The threshold to survive a motion to dismiss is exceedingly low, however, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than 'labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (citing *Twombly,* 550 U.S. at 555).

## **Plaintiff's Proposed Amendment is Futile**

In the instant case, Plaintiff is seeking permission to amend his Complaint by adding as Defendants, WM International Group LLC and WM Group LLC.

First, Plaintiff has not provided any support to the allegations in his motion, despite referencing such "proof" in his motion.

Second, as the affidavit attached show, the entities the Plaintiff is seeking to add sis not gross $500,000.00 or over during the relevant time period. As such, they are not subject to the FLSA's enterprise coverage. See, *Cabral v. Lakes Cafe Sports Bar & Grill, Inc.*, 2010 U.S. Dist. LEXIS 31326 (S.D. Fla. Mar. 31, 2010).

Plaintiff, a helper, also cannot be said to have been "engaged in commerce or in the production of goods for commerce," and, therefore, would not be covered under the FLSA's individual coverage. See, e.g., *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F. 3d 1292 (11th Cir. 2011); *Martinez v. Jade Palace*, 414 Fed. Appx. 243, 246 (11th Cir. Ala. 2011) (no individual coverage under the FLSA in a claim brought by a cook of a small locally-owned

Chinese restaurant). See also, *Cabral v. Lakes Cafe Sports Bar & Grill, Inc.*, 2010 U.S. Dist. LEXIS 31326 (S.D. Fla. Mar. 31, 2010) (citing *Lopez v. Top Chef Invest., Inc.,* No. 07-21598-CIV, 2007 U.S. Dist. LEXIS 88120, 2007 WL 4247646, * 2 (S.D. Fla. Nov. 30, 2007) and *Casseus v. First Eagle, L.L.C.,* No. 07-23228, 2008 U.S. Dist. LEXIS 32249, 2008 WL 1782363, * 5 (S.D. Fla. April 18, 2008)).

Plaintiff's conduct in this case, not surprisingly given counsel's identity, is simply aimed at causing additional financial ruin to these Defendants, which should not have been subject to this lawsuit to begin with, and mirrors the conduct in *Rodriguez v. Marble Care Int'l, Inc.*, 863 F. Supp. 2d 1168, 1173 (S.D. Fla. 2012) by this counsel. In it, Plaintiff's counsel filed an FLSA Complaint against a marble finisher that had 4 employees, which had gross business done well below $500,000.00. Rather than dismissing the matter, Plaintiff's counsel attempted to expand the litigation, when it was obvious that there was no jurisdiction under the FLSA. At the conclusion of the case, summary judgment was awarded in favor of the Defendants and sanctions were levied against counsel individually, because Plaintiffs' counsel "pursued the case even though they lacked the requisite evidence to establish the necessary FLSA coverage under the 'enterprise' or 'individual coverage' theories." *Id*. at 1173. In doing so, they "chose to ignore the folksy wisdom passed on in the hit song *The Gambler,* sung by Kenny Rogers: 'you've got to know when to hold 'em, know when to fold 'em/ know when to walk away, know when to run.'" *Id*. at 1172. As the court noted in that case, "if litigation is war, then it is a war fought under rules which prohibit and restrict certain tactics. One unavailable tactic is to pressure a defendant by pressing a frivolous lawsuit." *Id*. This case mirrors the facts in *Marble Care* case almost perfectly and should be disposed of similarly; however, it appears that this is a lesson Plaintiff's counsel has not learned yet.

Plaintiff has no basis for making the allegations he is attempting to make in the proposed Amended Complaint: he has no information to support his proclaimed belief that the new entities are subject to the FLSA's enterprise coverage. Notably, Plaintiff also bluntly misstates Defendants' responses to interrogatories in an attempt to support the motion:

In Paragraph 4 of his motion, Plaintiff states that, "It should be noted, that in responses to the interrogatories related to the amount of wages paid to plaintiff, Window Mart, Inc. responded as to the amounts paid to Plaintiff." What Plaintiff is not stating, is that the interrogatories were addressed to all three Defendants and were responded to, accordingly. The term "you" was not defined by Plaintiff to include only the named entity Defendant, as he is now proposing. The person responding to the interrogatories (Liliana Morales) employed Plaintiff and responded to Interrogatory No. 2, as such. In several instances, the interrogatory responses made clear that Plaintiff was never employed by the named entity Defendant and that this entity Defendant conducted no business:

> 4. If you contend there are weeks during Plaintiff's employment with Defendants, in which Plaintiff did not work overtime hours, please state the weeks that Plaintiff did not work overtime and the amount of hours that you contend Plaintiff worked during those weeks and the basis for said contention.
>
> **Response**: Plaintiff did not work for Window Mart, Inc. as that entity did not conduct any business. Notwithstanding, Plaintiff never worked more than 40 hours a week.
>
> 9. Please list each vendor from whom you purchased products or materials from during the years, 2012, 2013 and 2014. Please include name of vendor, contact person at said vendor from where said purchases were made form; and the address and telephone number of said vendor.
>
> **Response**: Window Mart, Inc. had no vendors during the years 2012, 2013, and 2014 because it conducted no business. Vendors that provided products or materials that Plaintiff or other employees of the individual Defendants used include:

6

**CONCLUSION**

Plaintiff's Motion to Amend the Complaint [DE #25] should be denied because the proposed amendment would be futile and relies on false allegations for which Plaintiff does not, nor can he have, any support. Therefore, its only design is to continue to stretch this in spite of clear facts demonstrating that this case is meritless because the FLSA does not apply to the present Defendants and/or the proposed new ones.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 25, 2015, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s *Adi Amit*
Adi Amit, Esquire
Florida Bar No: 35257

**SERVICE LIST**

*Abel Danildo Gerez Batista v. Window Mart, Inc., et al.*
S.D. Fla. Case No. 1:15-cv-20094-DPG

| | |
|---|---|
| J.H. Zidell, Esq. | Adi Amit, Esquire |
| Julia M. Garrett, Esq. | LUBELL & ROSEN, LLC |
| Steven C. Fraser, Esq. | 200 S. Andrews Avenue |
| J.H. Zidell, P.A. | Suite 900 |
| 300 71st Street | Fort Lauderdale, Florida 33301 |
| Suite 605 | adi@lubellrosen.com |
| Miami Beach, Florida 33141 | *Counsel for Defendants* |
| zabogado@aol.com | |
| jgarrett.jhzidellpa@gmail.com | |
| steven.fraser.esq@gmail.com | |
| *Counsel for Plaintiff* | |