UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:15-cv-20094-DPG

ABEL DANILDO GEREZ BATISTA and all others similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

v.

WINDOW MART, INC., LILIANA MORALES, LUIS A. MORALES,

    Defendants.
_____/

**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

I HEREBY CERTIFY that a true and correct copy of Defendants, WINDOW MART, INC., LILIANA MORALES, and LUIS A. MORALES's responses to Plaintiff's First Set of Interrogatories, served on April 17, 2015, has been served by facsimile, electronic mail, and U.S. mail this 19th day of June, 2015 to: Steven C. Fraser, Esq., steven.fraser.esq@gmail.com, 305-865-7167, J.H. ZIDELL, P.A., 300 71st Street, Suite 605, Miami Beach, Florida 33141, *Counsel for Plaintiff.*

                            LUBELL & ROSEN, LLC
                            *Attorneys for Defendants*
                            200 S. Andrews Ave, Suite 900
                            Ft. Lauderdale, Florida 33301
                            Phone: (954) 755-3425
                            Fax: (954) 755-2993
                            e-mail:   adi@lubellrosen.com

By _____
                            Adi Amit, Esquire
                            Florida Bar No.: 35257

## RESPONSES TO INTERROGATORIES

1.  Please state the legal name, address, date of birth, social security number and phone number of the person responding to these interrogatories and the employment relationship that the same has with the Defendant.

    **Response**: Liliana Isabel Morales, Owner.
    Soc. Sec. # – ███-9854
    Address – c/o Lubell Rosen
    200 S. Andrews Ave.
    Suite 900
    Fort Lauderdale, FL 33301
    954-880-9500

2.  Please state what Plaintiff's wages were during his entire employment period with you. Include what Plaintiff's hourly wage was, what Plaintiff's overtime wage was (if any), any and all bonuses or commissions that Plaintiff received during Plaintiff's entire employment period with you.

    **Response**: At first, $600/week by check. Then, $500/week by check, even when he missed time. From time to time, Plaintiff also received additional payments in varying amounts as bonus.

3.  Please state the name, address, and phone number of the Defendant's accountant(s) for the time period stated in the complaint as well as the name of the individual in charge of the Defendant's pay roll.

    **Response**: Raymond Perez
    6191 Orange Drive
    Suite 6167
    Davie, FL 33314
    954-651-9033

4. If you contend there are weeks during Plaintiff's employment with Defendants, in which Plaintiff did not work overtime hours, please state the weeks that Plaintiff did not work overtime and the amount of hours that you contend Plaintiff worked during those weeks and the basis for said contention.

**Response**: Plaintiff did not work for Window Mart, Inc. as that entity did not conduct any business. Notwithstanding, Plaintiff never worked more than 40 hours a week.

5. Identify all documents you reviewed, relied upon or referred to in answering, or that in any way assisted you in answering, any of the interrogatories contained herein.

**Response**: None as to this entity Defendant.

6. Identify all documents you reviewed, relied upon or referred to in answering, or that in any way assisted you in answering, any of the requests for admissions that were propounded simultaneously with Plaintiff's first set of interrogatories on March 24, 2015.

**Response**: None as to this entity Defendant.

7. Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of 1 year, or that involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction the specific crime and the date and place of conviction.

**Response**: No.

8. Please state the gross annual sales, income and/or business done during the years of 2012, 2013 and 2014 for Window Mart, Inc. Liliana Morales and Luis A. Morales.

**Response**: Objection as to Liliana Morales and Luis A. Morales. The individuals did not have "gross annual sales, income and/or business done" as that term is understood. With respect to Window Mart, Inc. – that entity had no "gross annual sales, income and/or business done" during those years because it conducted no business.

9. Please list each vendor from whom you purchased products or materials from during the years, 2012, 2013 and 2014. Please include name of vendor, contact person at said vendor from where said purchases were made form; and the address and telephone number of said vendor.

**Response**: Window Mart, Inc. had no vendors during the years 2012, 2013, and 2014 because it conducted no business. Vendors that provided products or materials that Plaintiff or other employees of the individual Defendants used include:

    a. Barton & Kramer; Miami, FL; 305-477-9444
    b. Strybuc; Miami, FL; 305-558-5051
    c. Screentech; Miami, FL; 305-592-0909
    d. CR Lawrence; Fort Lauderdale, FL; 954-846-9232
    e. AWP; Medley, FL; 305-887-2646
    f. Lawson; Town and Country, FL; 305-696-8660

10. For each vendor listed in response to interrogatory number 9, please state (1) the products purchased from said vendor; and (2) where the labeling on each product lists that said product was manufactured, bottled or made (i.e. made in China; bottled in Georgia; manufactured in New York).

**Response**: Window Mart, Inc. had no vendors during the years 2012, 2013, and 2014 because it conducted no business. Vendors that provided products or materials that Plaintiff or other employees of the individual Defendants used include:

    a. Barton & Kramer – window parts
    b. Strybuc – window parts
    c. Screentech – screens
    d. CR Lawrence – window parts
    e. AWP; Medley – windows and doors
    f. Lawson – windows and doors

11. As to each affirmative defense asserted by each defendant, state in detail: (a) each and every fact that supports that defenses; (b) identify each and every person possessing knowledge of any such fact and specify, in substance, the knowledge possessed by each such person; (c) identify and append hereto every document, instrument or other memorandum that contains, reflects or refers to any such fact. (d) state any and all facts which support each affirmative defense raised in the answer filed by defendants in this action.

**Response**: Window Mart, Inc. conducted no business during the relevant time. Plaintiff was not employed by an instrumentality of interstate commerce, nor did he regularly and recurrently participate in the movement of things in interstate commerce during the relevant time period. Plaintiff never worked more than 40 hours in any week in which he performed services. Plaintiff has not demonstrated that there are other individuals similarly situated or that any such individual is interested in joining the lawsuit.

12. If you or anyone acting on your behalf obtained statements from any person concerning any matter relating to this action, please provide:

    a. the names and addresses of the person from whom such statements were taken;

    b. the dates and times when the statements were taken;

    c. whether the statements were written, oral or recorded;

    d. the names and addresses of the person having custody of these statements; and.

    e. the names and addresses of the person who took the statements; and, attach a true copy of any statements referred to above to your answers to this interrogatory.

**Response**: N/A

13. Providing an answer that addresses separately each numbered paragraph of the Complaint, as to each allegation that Defendants denies:

   a. Set forth each and every fact that supports defendant's denial of that allegation.

   b. Identify each and every person possessing knowledge of any such fact and specify, in substance, the knowledge possessed by such person.

   c. Identify and annex hereto every document, instrument or other memorandum that contains, reflects or refers to any such fact.

   **Response:** Objection. This interrogatory is not reasonably tailored to lead to the discovery of admissible evidence in tat in combines multiple interrogatories (one for each denial) into one.

## NOTARY ATTESTATION

I, _Liliana Morales_, AN ~~EMPLOYEE~~ owner OF DEFENDANT AND WITH PERSONAL KNOWLEDGE OF ALL THE FACTS LISTED TO ALL OF THE INTERROGATORIES (ELEVEN TOTAL) DO HEREBY AFFIRM THAT THE ANSWERS TO ALL SAID INTERROGATORIES ARE TRUE AND CORRECT TO THE BEST OF MY PERSONAL AND PROFESSIONAL KNOWLEDGE.

_[signature]_
(INDICATE NAME AND EMPLOYEE STATUS WITH DEFENDANT)

State of _FL_ )
 )
County of _Broward_ )

The foregoing instrument was acknowledged before me on this __10th__ day of __June__, 2015, by _Liliana Morales_, who is personally known to me or has produced _FL Drivers License ending in 909-0_ as a valid form of identification for these purposes.
(Please indicate)

_[signature] Pavel Kogan_
Notary public--sign

_____
Notary public--print

**PAVEL KOGAN**
Notary Public - State of Florida
My Comm. Expires Apr 13, 2017
Commission # EE 875416

_____
Commission number and expiration date of same