UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-CV-20094-DPG

ABEL DANILDO GEREZ BATISTA and all )
others similarly situated under 29 U.S.C. )
216(b), )
 )
        Plaintiff, )
  vs. )
 )
WINDOW MART, INC., )
WM INTERNATIONAL GROUP LLC; )
WM GROUP LLC; )
LILIANA MORALES, )
LUIS A. MORALES, )
 )
        Defendants. )

**AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATION**

    Plaintiff, ABEL DANILDO GEREZ BATISTA on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this first Amended Complaint against Defendants, WINDOW MART, INC., WM INTERNATIONAL GROUP LLC; WM GROUP LLC; LILIANA MORALES, and LUIS A. MORALES, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant WINDOW MART, INC, (hereinafter "Window Mart) is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The Defendant WM INTERNATIONAL GROUP LLC, (hereinafter "WM INTERNATIONAL" ) is a corporation that regularly transacts business within Dade County.

**1** of **7**

Upon information and belief, this Defendant Corporation was the FLSA joint employer for Plaintiff's respective period of employment ("the relevant time period"). Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

5. The Defendant Window Mart Inc. formed a joint enterprise with WM International Group LLC for the relevant period of time. Defendant WM INTERNATIONAL and Window Mart, Inc. are managed by the individual defendants Liliana Morales and Luis A. Morales without distinction to its separate legal form for the relevant time period herein and were jointly managed for a common business purpose for the relevant time period.

6. There is no clear distinction, between WM INTERNATIONAL AND WINDOW MART. Neither entity is acting as an agent of the other. There is a unity of interest between the two companies such that their separate business personalities do not exist.

7. WM INTERNATIONAL is an alter ego of Window Mart. Based upon information and belief, Defendants are operating out of a storefront located at 12005 NW 7th Avenue and 12001 NW 7th Avenue in North Miami, Florida. The later address is for Window Mart Inc. while the former address is that of WM International Group LLC. Plaintiff would worked for a company whereby the words "Window Mart" are painted outside of a building. Both Window Mart and WM INTERNATIONAL formed a joint enterprise under the FLSA.

8. Both companies share employees and other professionals. Both companies had the power to hire and fire employees. Both companies supervised and controlled employee work schedules, and conditions of employment. Both companies determined the rate and method of payment and both companies maintained employment records. Plaintiff was economically dependent on both of Defendants Window Mart and WM INTERNATIONAL

for the relevant time period.

9. Plaintiff was simply employed by a company doing business as Window Mart. The closet business which come close with the same owners, corporate officers are Window International Group and WM Group, LLC. Information found in Sunbiz directs the public to three companies and links these companies to the two individual defendants, Liliana Morales.

10. The Defendant Window Mart Inc. is owned by WM Group LLC and/or formed a joint enterprise with WM Group for the relevant period of time.

11. The individual Defendant LILIANA MORALES is a corporate officer and/or owner and/or manager of the Defendant WM INTERNATIONAL GROUP, LLC and WINDOW MART, INC. who ran the day-to-day operations of the Corporate Defendants of WM INTERNATIONAL GROUP, LLC and WINDOW MART, INC for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

12. The individual Defendant LUIS A. MORALES is a corporate officer and/or owner and/or manager of the Defendant Corporation, WM INTERNATIONAL GROUP, LLC. who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

13. Defendants, Window Mart Inc., WM International Group LLC and WM Group LLC are joint enterprises as defined by 29 U.S.C. 203(r) as the related activities between the three Companies, performed through unified operation and/or common control, are done for a common business purpose as the three companies shared employees, clients, equipment and

finances.

14. Upon information and belief, Defendants, Window Mart Inc., WM International Group LLC and WM Group LLC and Individual Defendants were Plaintiff's joint employers during Plaintiff's employment with the Defendant Companies as the work performed by Plaintiff simultaneously benefited all Defendant Companies who were responsible for controlling Plaintiff's hours, determining Plaintiff's pay and which were operated by the same officers for a common business purpose.

15. All acts or omissions giving rise to this dispute took place in Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

17. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 16 as if fully set forth herein.

18. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

19. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

20. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

21. Plaintiff worked for Defendants as a window installer and repair man from on or about August 10, 2013 through on or about December 19, 2014.

22. Corporate Defendants business activities involve those to which the Fair Labor Standards Act applies. All of the Defendants business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

23. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

24. Upon information and belief, the Defendant Corporations had gross sales or business done for each and/or collectively in excess of $500,000 annually for the years 2011, 2012, 2013 through 2014.

25. Between the period of on or about August 10, 2013 through on or about December 19, 2014, Plaintiff worked an average of 60 hours a week for Defendants and was paid an average of $10.00 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time

overtime rate for each hour worked above 40 in a week.

26.     Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

    Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

                                        Respectfully Submitted,


                                        __/s/Steven C. Fraser__
                                        Steven C. Fraser, Esq.
                                        Fla. Bar No. 625825
                                        J.H. Zidell, P.A.
                                        Attorney for Plaintiff
                                        300 71st Street #605
                                        Miami Beach, Florida 33141
                                        Tel: (305) 865-6766
                                        Fax: (305) 865 – 7167
                                        Email: steven.fraser.esq@gmail.com

CERTIFICATE OF SERVICE

      I hereby certify that on August 5, 2015, I electronically filed the foregoing Plaintiff's Motion to Amend Complaint with the Clerk of Court using the CM/ECF. I also certify that the foregoing document is being served this day on all persons identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

      __/s/Steven C. Fraser__
      Steven C. Fraser, Esq.
      Fla. Bar No. 625825
      J.H. Zidell, P.A.
      Attorney for Plaintiff
      300 71st Street #605
      Miami Beach, Florida 33141
      Tel: (305) 865-6766
      Fax: (305) 865 – 7167
      Email: steven.fraser.esq@gmail.com

SERVICE LIST

Adi Amit
Fla. Bar No. 35257
*Counsel for Defendant*
Lubell & Rosen, LLC
200 S. Andrews Ave, Suite 900
Fort Lauderdale, FL 33301-2068
Tel: (954) 880-9500
Fax (954) 755-2993
Email: adi@lubellrosen.com