UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:15-cv-20094-DPG

ABEL DANILDO GEREZ BATISTA and
all others similarly situated under 29 U.S.C.
216(b),

    Plaintiff,

v.

WINDOW MART, INC., WM
INTERNATIONAL GROUP LLC; WM
GROUP LLC; LILIANA MORALES, LUIS
A. MORALES,

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants, WINDOW MART, INC.; LILIANA MORALES; and LUIS A. MORALES, by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiff's Amended Complaint as follows:

    1.    Admitted that the Complaint alleges a cause of action under the Fair Labor Standards Act 29 U.S.C. §§201-216.

    2.    Defendants are without knowledge as to the truthfulness or accuracy of the allegation contained in this Paragraph, but presume it to be true, for jurisdiction and venue purposes only.

    3.    Admitted that WINDOW MART, INC. is a corporation with its principal address within Miami-Dade County, Florida. Denied that WINDOW MART, INC. was "the FLSA employer for Plaintiff."

4. Denied that WM INTERNATIONAL GROUP, LLC is a corporation. Admitted that WM INTERNATIONAL GROUP, LLC's principal address is within Miami-Dade County, Florida. Denied that WM INTERNATIONAL GROUP, LLC's was Plaintiff's "joint employer."

5. The first sentence of this Paragraph is denied. Admitted that Liliana Morales is an owner of WM INTERNATIONAL GROUP, LLC and WINDOW MART, INC. All other allegations are denied.

6. Denied.

7. Denied.

8. Denied. WINDOW MART, INC. does not now, and did not during Plaintiff's stated dates of employment, conduct any business, or employ any employee, including Plaintiff.

9. Admitted that the fictitious name "Window Mart" was owned by WM INTERNATIONAL GROUP, LLC, during the Plaintiff's stated dates of employment.

10. Denied.

11. Admitted that Liliana Morales is an owner of WM INTERNATIONAL GROUP, LLC and WINDOW MART, INC.  Admitted that Liliana Morales "ran the day-to-day operations" of WM INTERNATIONAL GROUP, LLC. Denied that WINDOW MART, INC. had any "day-to-day operations" for Ms. Morales "to run" as it conducted no business.

12. Denied.

13. Denied.

14. Denied.

15. Denied that any acts or omissions capable of giving rise to an FLSA dispute took place.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATIONS

17. Defendants restate and incorporate their responses to Paragraphs 1-15[1], above as if fully stated herein.

18. Admitted that the Complaint alleges violation of a United States statute. Admitted that the Complaint attempts to allege a cause of action for collective action under 29 U.S.C. §216(b). All other allegations or assertions in this paragraph are denied.

19. Denied.

20. This Paragraph does not contain a factual allegation to which a response is required. The referenced statute speaks for itself.

21. Admitted that Plaintiff was employed by WM INTERNATIONAL GROUP, LLC as a window repair man during the time period alleged in the paragraph. Denied that Plaintiff was employed by WINDOW MART, INC. or by WM GROUP LLC at any time or in any capacity.

22. This paragraph contains boiler plate legal conclusions containing mere recitation of elements masked as factual allegations to which no response is required. To the extent a response is required to any of the vague allegations contained in this Paragraph, same are denied.

23. Denied. Further, whether any of the entity Defendants is an enterprise or are one enterprise covered by the FLSA is a legal question and not a factual allegation to which a response is required. To the extent it is, the allegation is denied.

24. Denied that the entity Defendants' gross revenues for the years 2013 and 2014 exceeded $500,000. The years 2011 and 2012 precede Plaintiff's alleged dates of employment.

25. Denied.

26. Denied.

---

[1] In his Amended Complaint, Plaintiff omits Paragraph 16 between Paragraphs 15 and 17.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim for liquidated damages because the allegations do not rise to the requisite standard required for liquidated damages under the FLSA. Defendants' actions were in good faith and they had reasonable grounds for believing that they were in compliance with the FLSA.

### Second Affirmative Defense

The Court lacks jurisdiction over the matter as Plaintiff was not eligible for FLSA overtime because he was not a covered individual under either the individuals coverage or enterprise coverage under §207 of the Fair Labor Standards Act of 1938.

### Third Affirmative Defense

Plaintiff was not eligible for FLSA overtime because he was not a covered individual under §207 of the Fair Labor Standards Act of 1938; he was not "engaged in commerce or in the production of goods for commerce," (individual coverage) as alleged in the Complaint. Specifically, Plaintiff did not regularly and directly participate in the actual movement of persons or things in interstate commerce for the benefit of the corporate Defendant. See, *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F. 3d 1292 (11th Cir. 2011); *Martinez v. Jade Palace*, 414 Fed. Appx. 243, 246 (11th Cir. Ala. 2011) (no individual coverage under the FLSA in a claim brought by a cook of a small locally-owned Chinese restaurant). See also, *Cabral v. Lakes Cafe Sports Bar & Grill, Inc.*, 2010 U.S. Dist. LEXIS 31326 (S.D. Fla. Mar. 31, 2010) (citing *Lopez v. Top Chef Invest., Inc.,* No. 07-21598-CIV, 2007 U.S. Dist. LEXIS 88120, 2007 WL 4247646, * 2 (S.D. Fla. Nov. 30, 2007) and *Casseus v. First Eagle, L.L.C.,* No. 07-23228, 2008 U.S. Dist. LEXIS 32249, 2008 WL 1782363, * 5 (S.D. Fla. April 18, 2008)).

**Fourth Affirmative Defense**

Plaintiff was not a covered individual under §207 of the Fair Labor Standards Act of 1938, which provides for overtime and minimum wages, because he was not "employed in an enterprise engaged in commerce or in the production of goods for commerce" (enterprise coverage) as it is defined by 29 U.S.C. §203(r) and (s)(1). Specifically, the corporate Defendant's annual gross sales have never reached or exceeded $500,000.00 during the relevant time period. See, *Cabral v. Lakes Cafe Sports Bar & Grill, Inc.*, 2010 U.S. Dist. LEXIS 31326 (S.D. Fla. Mar. 31, 2010).

**Fifth Affirmative Defense**

Plaintiff's claims are barred to the extent that he did not work more than forty (40) hours in one workweek.

**Sixth Affirmative Defense**

Plaintiff has not met all of the requirements to bring a collective action under the FLSA.

**Seventh Affirmative Defense**

Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which he engaged in certain activities that were preliminary or postliminary to their principal activities.

**Eighth Affirmative Defense**

To the extent the corporate Defendants are found not to be liable, the individual Defendants, LILIANA MORALES, and LUIS A. MORALES, are also not liable for any violations of the FLSA because any claim against them would only be a derivative of the claim against the corporate Defendant. See, e.g., *Casseus v. First Eagle, LLC*, 2008 U.S. Dist. LEXIS 32249 (S.D. Fla. April 16, 2008).

**Ninth Affirmative Defense**

At all material times, the individual Defendant, LUIS A. MORALES, was not Plaintiff's employer for FLSA purposes.

**RESERVATION OF AFFIRMATIVE DEFENSES**

Defendants reserve the right to allege any further affirmative defenses as discovery proceeds.

WHEREFORE, Defendants, having fully answered the Amended Complaint and having raised legal defenses thereto, request judgment in their favor in its entirety and that the Defendants be awarded costs, and reasonable attorneys' fees as may be allowed under 29 U.S.C. §§201-216, 28 U.S.C. §1927, and under the federal rules of civil procedure.

**JURY DEMAND**

Defendants hereby request trial by jury on all issues so triable.

Respectfully submitted, this 20th day of October, 2015.

> LUBELL & ROSEN, LLC
> *Attorneys for Defendants, WINDOW MART, INC., LILIANA MORALES, and LUIS A. MORALES*
> 200 S. Andrews Ave, Suite 900
> Ft. Lauderdale, Florida 33301
> Phone: (954) 880-9500
> Fax: (954) 755-2993
> E-mail:   adi@lubellrosen.com
>
> By: *s/Adi Amit*
>      Adi Amit, Esquire
>      Florida Bar No. 35257

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 20, 2015, I electronically filed the foregoing document with the clerk of the court using CM/ECF.  I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:___/s *Adi Amit*_____
    Adi Amit, Esquire
    Florida Bar No: 35257

## SERVICE LIST

*Abel Danildo Gerez Batista v. Window Mart, Inc., et al.*
S.D. Fla. Case No. 1:15-cv-20094-DPG

| | |
|---|---|
| J.H. Zidell, Esq. | Adi Amit, Esquire |
| Julia M. Garrett, Esq. | LUBELL & ROSEN, LLC |
| Steven C. Fraser, Esq. | 200 S. Andrews Avenue |
| J.H. Zidell, P.A. | Suite 900 |
| 300 71st Street | Fort Lauderdale, Florida 33301 |
| Suite 605 | adi@lubellrosen.com |
| Miami Beach, Florida 33141 | *Counsel for Defendants* |
| zabogado@aol.com | WINDOW MART, INC., LILIANA |
| jgarrett.jhzidellpa@gmail.com | MORALES, and LUIS A. MORALES |
| steven.fraser.esq@gmail.com | |
| *Counsel for Plaintiff* | |