UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:15-cv-20094-DPG

ABEL DANILDO GEREZ BATISTA and
all others similarly situated under 29 U.S.C.
216(b),

    Plaintiff,

v.

WINDOW MART, INC., et al.,

    Defendants.
_____/

**DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

Defendants, by and through undersigned counsel, hereby file their Renewed Motion for Summary Judgment and state as follows:

**SUMMARY OF ARGUMENT**

Defendants are entitled to summary judgment in their favor and against the Plaintiff in this FLSA case as a matter of law because Plaintiff was not an individual covered by the FLSA – either through individual coverage or through enterprise coverage.

**RELEVANT PROCEDURAL BACKGROUND**

1. On January 12, 2015, Plaintiff, a helper, filed his Complaint for violation of the FLSA against the Defendants in this matter, alleging that "upon information and belief," he was employed by the named entity Defendant – Window Mart, Inc. [DE #1, at ¶3]. Plaintiff's Complaint alleged that he worked between August 10, 2013 and December 19, 2014 [DE #1, at ¶10]. Further the Complaint alleged that based upon Plaintiff's "information and belief," the entity has grossed more than $500,000.00 in each of the years 2012-2014. [DE #1, at ¶13-14].

1

While stating, in general, that Plaintiff was a "window installer," Plaintiff's Complaint is otherwise devoid of any substance concerning his tasks and activities.

2. On February 24, 2015, Defendants answered the Complaint, denying that the named entity Defendant grossed more than $500,000.00 in the relevant years and denying that Plaintiff was covered by the individual coverage theory under the FLSA. Defendants also denied that the named entity Defendant was Plaintiff's employer. [DE #11]

3. On June 9, 2015, the Court held a status conference. During the status conference, after Defendants' counsel advised the Court that jurisdiction was an issue, the Court ordered Plaintiff to conduct discovery regarding jurisdiction for thirty (30) days.

4. On July 24, 2015, the depositions of the two individual Defendants, as well as the representative of the named entity Defendant took place. During the depositions, the clear testimony of the witnesses stated that the named entity Defendant has never grossed an amount even near $500,000.00. Further, the testimony was also unequivocal that the entity that did employ Plaintiff – WM International Group, LLC – never grossed anywhere near $500,000.00 in any of the relevant years.

5. On October 1, 2015, Defendants filed their Motion for Summary Judgment [DE #32]; however, subsequently, the Court entered an endorsed order granting Plaintiff's Motion for Leave to File an Amended Complaint [DE #33]. Consequently, in light of the Amended Complaint, on October 22, 2015, the Court entered an order denying the first Motion for Summary Judgment [DE #44].

6. On October 3, 2015, Plaintiff filed his Amended Complaint [DE 36], adding WM International Group, LLC and WM Group LLC as Defendant. The initial Defendants answered the Amended Complaint on October 20, 2015 [DE #43]. However, despite seeking court

permission to add the new entity Defendants and the Court granting that request after the existing Defendants had already filed their Motion for Summary Judgment and postponing all relevant dates in the case at Plaintiff's request, through the date of this Motion, Plaintiff inexplicably has failed to serve process on the two new entity Defendants. Thus, the Court, presently, has no jurisdiction over them. Plaintiff's neglectful conduct has caused nothing other than delay and additional costs for the Court and all parties involved.

7.  On December 4, 2015, Plaintiff's deposition was taken.

## STATEMENT OF MATERIAL UNDISPUTED FACTS

Pursuant to S.D. Fla. L.R. 56.1(a), Defendants are filing simultaneously herewith a separate Statement of Material Undisputed Facts ("SMUF") as an exhibit to this Motion and in support of this Motion, which is incorporated herein by reference.

## LEGAL ARGUMENT

### Summary Judgment Standard

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." See, *Fed. R. Civ. P. 56(c)*. The moving party shoulders the initial burden of showing the absence of a genuine issue of material fact. See, Gregory v. Quality Removal, Inc., 2014 U.S. Dist. LEXIS 154293, *8 (S.D. Fla. Oct. 29, 2014) (citing *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008)). Despite the presumptions in favor of the non-moving party, the court must be mindful of the purpose of Rule 56 which is to eliminate the needless delay and expense to the parties and to the court occasioned by an unnecessary trial. See, *Fuentes v. CAI Int'l, Inc.*, 728 F. Supp. 2d 1347 (S.D. Fla. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986)). Consequently, once the initial

burden is satisfied, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" See, *Quality Removal, Inc.*, 2014 U.S. Dist. LEXIS 154293, at *8 (citing *Ray v. Equifax Info. Servs., L.L.C.*, 327 F. App'x 819, 825 (11th Cir. 2009)).

"Accordingly, the non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor." See, *Quality Removal, Inc.*, 2014 U.S. Dist. LEXIS 154293, at *8 (citing *Shiver*, 549 F.3d at 1343). "The mere existence of a scintilla of evidence in support of the position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." See, *Johnson v. Bd. of Regents*, 263 F.3d 1234 (11th Cir. Ga. 2001). Likewise, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment -- there must be no genuine issue of material fact. See, *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). An issue is not genuine if it is unsupported by the evidence or created by evidence that is "merely colorable" or not "significantly probative." *Id*. at 249-50. Similarly, a fact is considered material only if it is identified by the substantive law as an essential element of the non-moving party's case. *Id*. at 248. "[U]nless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party, "summary judgment shall be rendered. *Id*. at 249. Stated differently, "[w]here the record taken as a while could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." See, *Matsushita*, Id. at 587.

**Plaintiff Was Not a "Covered Individual" Under The FLSA During His Employment**

As an initial matter, "it is Plaintiffs' burden to establish that subject matter jurisdiction exists." See, *Arilus v. DiEmmanuele*, 895 F. Supp. 2d 1257, 1259 (S.D. Fla. 2012). Here, not

4

only has Plaintiff failed to establish subject matter jurisdiction during the initial discovery period, Plaintiff has completely wasted the generous second opportunity given to him by the Court by failing to even serve process on the new entities and conduct additional discovery. Irrespectively, as previously demonstrated, the new entity would not have been subject to FLSA jurisdiction.

"The FLSA mandates that an 'employee[]' who is 'engaged in interstate commerce' must be paid an overtime wage of one and one-half times his regular rate for all hours he works in excess of forty hours per week." See, *Josendis v. Wall to Wall Residence Repairs Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) (citing 29 U.S.C. §207(a)). "In order to be eligible for FLSA overtime, however, an employee must first demonstrate that he is 'covered' by the FLSA." *Id*. there are two types of FLSA coverage: "First, an employee may claim 'individual coverage' if he regularly and 'directly participat[es] in the actual movement of persons or things in interstate commerce.'" *Id*. (citing *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006)). "Second, an employee is subject to enterprise coverage if he is 'employed in an enterprise engaged in commerce or in the production of goods for commerce.'" *Id*. (citing 29 U.S.C. §207(a)(1)). "Commerce means 'trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof.'" *Id*. (citing 29 U.S.C. §203(b)). "An 'enterprise' is the activities performed by a person or persons who are (1) engaged in 'related activities,' (2) under 'unified operation or common control,' and (3) have a 'common business purpose.'" *Id*. (citing 29 U.S.C. §203(r)(1)).

"In relevant part, an enterprise is engaged in commerce or in the production of goods for commerce if it

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; **and**

(ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000."

*Id*. (citing 29 U.S.C. §203(s)(1)(A)(i)-(ii)) (emphasis in the original)

"Alternatively, enterprise coverage is available to any employee of an enterprise 'engaged in the operation of a hospital [or] an institution primarily engaged in the care of . . . the aged . . . who [also] reside on the premises of such institution.'" *Id*. (citing 29 U.S.C. §203(s)(1)(B)).

a)  **Plaintiff Was Not Covered Under The FLSA's "Individual Coverage" Theory**

Here, Plaintiff's clear deposition testimony establishes that Plaintiff did not regularly and recurrently participate in interstate commerce where all his duties were intra state – he repairs and builds screens from parts his employer purchased – all of which is conducted in Miami-Dade County.

Specifically, Plaintiff admitted that his job functions were to build screens from parts and to repair windows (***DE #47-3***, 22:22 – 23-11). Plaintiff stated that he never traveled outside Miami-Dade County for the job (***DE #47-3***, 22:5-21). Plaintiff stated that he never placed orders for any parts or materials used by the Defendants (***DE #47-3***, 25:17-19) Finally, Plaintiff stated that did not use any of the various instrumentalities of interstate commerce (See, ***DE #47-3***, 26:24 – 27:21)

"For individual coverage to apply under FLSA, an employee must present evidence that he or she was (i) engaged in commerce or (ii) engaged in the production of goods for commerce." See, *Lopez v. Ans*, 2010 U.S. Dist. LEXIS 7543; 2010 WL 335638 (S.D. Fla., January 29, 2010) (citing *Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264, 1265-1266 (11th Cir. 2006)); *Quality Removal, Inc.*, 2014 U.S. Dist. LEXIS 154293, at *16 (citing *Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006)). "The Eleventh Circuit

found that to 'engage in commerce,' a plaintiff must 'directly participat[e] in the actual movement of persons or things in interstate commerce.'" *Ans,* Id. (citing *Thorne*, 448 F.3d at 1266). "When determining individual coverage, the character of the employee's activities is determinative, not the nature of the employer's business." *Id*. (citing *Overstreet v. N. Shore Corp.*, 318 U.S. 125 (1943)). "The test to determine whether an employee is engaged in commerce is not whether the employee's activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of it." See, *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 862 F. Supp. 2d 1309, 1312 (S.D. Fla. 2012) (citing *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943)). "A key factor in determining if a plaintiff engaged in commerce for purposes of individual coverage under the FLSA is whether such activities were a 'regular and recurrent' part of the plaintiff's employment duties." *Id*. (citing 29 C.F.R. 776.10(b)). "The 'employee's interstate activity must be regular and recurrent and not simply isolated or sporadic for jurisdiction to exist.' *Id*. (citing *Dent v. Giaimo*, 606 F. Supp. 2d 1357, 1360 (S.D. Fla. 2009)); *Seijo v. Casa Salsa, Inc.*, 2013 U.S. Dist LEXIS 167205; 2013 WL 6184969, at *3-4 (S.D. Fla. November 25, 2013) ("Casa Salsa is a dance studio, not an instrumentality of interstate commerce, a fact that Seijo does not contest. So she needs to produce evidence that she *regularly* used the instrumentalities of interstate commerce in her work . . . Traveling to New York once a year is not regular and is therefore insufficient") (emphasis in original); *Lopez v. Pereyra Ans*, 2010 U.S. Dist. LEXIS 7543, 2010 WL 335638, at *5 (S.D. Fla. Jan. 29, 2010). To the extent Plaintiff claims that he is individually covered by the FLSA because some of the parts he used originated outside Florida, the Eleventh Circuit has explained specifically that, for individual coverage under the FLSA to

apply, it is not sufficient. See, *Navarro v. Broney Auto. Repairs, Inc.*, 533 F. Supp. 2d 1223, 1226 (S.D. Fla. 2008), wherein the Court explained:

> In *Thorne,* the employee tried to prove individual FLSA coverage by showing that he regularly purchased goods and materials that came from out-of-state at a local Home Depot. The Eleventh Circuit held that the FLSA did not apply, reasoning that 'when goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further intra state movement of the goods are not covered under the Act.' The *Thorne* panel went on to say that a customer who purchases an item from a store is not engaged in commerce even if the store previously purchased the item from out-of-state wholesalers.

As in *Broney* and in *Thorne*, the Plaintiff here was a manual laborer, who used parts that may have originated outside Florida, but used them only intra state – all windows and screens he built and/or repaired were used by customers in South Florida. Therefore, the same reasoning the Eleventh Circuit applied in *Thorne* should control over Plaintiff's claim here and state that Plaintiff **is not** individually covered by the FLSA based on his daily work functions. See, also *Guzman v. Irmadan, Inc.*, 551 F. Supp. 2d 1368, 1369 (S.D. Fla. 2008) (individual coverage did not exist to an employee performed services installing and assembling cabinets in the homes and workplaces of Defendant's customers); *Casanova v. Morales*, 2007 U.S. Dist. LEXIS 96333 (S.D. Fla. Aug. 2, 2007) (individual coverage did not exist to an employee who performed remodeling work at a single residential home in Miami, and that work was purely intrastate)

Plaintiff has provided no evidence that his work was not purely local in nature, as is the work of employees such as Plaintiff; he has not shown that his job included regular and recurrent interstate commerce. Thus, he is not a covered employee under the "individual coverage" prong of the FLSA and Defendants are entitled to summary judgment on this issue.

### b) Plaintiff Was Not Covered Under The FLSA "Enterprise Coverage" Theory

The uncontroverted evidence in this case shows that neither entity Defendant has grossed $500,000.00 (by themselves or "stacked" with each other). Defendants have stated that the entity

Defendants never grossed $500,000.00 in the relevant time period and presented their tax returns for the relevant time periods of 2013 and 2014 to support it. See, *DE #26-1*. Plaintiff has come forward with nothing other than speculation to dispute Defendants' evidence. "As the party defending summary judgment, Plaintiff has the burden of responding to Defendants' tax returns with 'relevant and admissible evidence sufficient to rebut this showing.'" See, *Gregory v. Quality Removal, Inc.*, 2014 U.S. Dist. LEXIS 154293, *11 (S.D. Fla. Oct. 29, 2014) (citing *Scott v. K.W. Max Investments, Inc*., 256 F. App'x 244, 247 (11th Cir. 2007)). Plaintiff admitted to not having personal knowledge as to Defendants' finances. See, *DE #47-3*, 30:7-9. Instead, Plaintiff attempts to "prove" that his employer grossed at least $500,000.00 through pure baseless speculation and conjecture. See, *DE #47-3*, 30:10 – 31:18.

As stated above, "enterprise coverage has two prongs and occurs where (1) the employer has two or more employees regularly and recurrently engaged in commerce, or has two or more employees regularly and recurrently handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (2) where the employer's annual gross volume of sales is $500,000 or more." See, *Dent v. Joseph A. Giaimo, D.O., P.A.*, 606 F. Supp. 2d 1357 (S.D. Fla. 2009). "The second prong of 'enterprise coverage' is that the enterprise must have an annual gross volume of sales made or business done in an amount of not less than $500,000.00." See, *Flores v. Nuvoc, Inc.*, 610 F. Supp. 2d 1349, 1355 (S.D. Fla. 2008). "Recent decisions by district courts in this circuit have held that an enterprise's total gross volume sales or business done may be determined from its tax returns." *Id*. (citing *Stout v. St. Amour's Lawn Care, LLC*, 2008 U.S. Dist. LEXIS 31280, 2008 WL 816818 *2 (M.D. Fla., Mar. 25, 2008); *Thompson v. Robinson,* 2007 U.S. Dist. LEXIS 68445, 2007 WL 2714091 *4 (M.D. Fla., Sep. 17, 2007); and *Lopez v. Top Chef Investment, Inc.,* 2007 U.S. Dist. LEXIS

88120, 2007 WL 4247646 *3 (S.D. Fla., Nov. 30, 2007)(rejecting Plaintiff's conclusory assertions that Defendants had understated their income on their federal tax returns and accepting the gross income figure on Defendants' federal tax return in considering whether enterprise coverage existed)).

Here, in his Complaint and Amended Complaint, Plaintiff alleged in a rather formulaic and substance-less fashion, that "[U]pon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2012 through 2013."

Likewise, in his Complaint and Amended Complaint, Plaintiff alleged without providing any factual basis for the allegation, that, "[U]pon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $500,000 for the year 2014."

Plaintiff provides no further information to support his subjective "belief" that the Defendant's gross revenue has surpassed the statutory threshold for enterprise coverage under the FLSA.

The Court initially provided the Plaintiff ample time to attempt to discover facts pertaining to its jurisdiction over this matter; additionally, the Court provided Plaintiff even more time to attempt to establish jurisdiction after permitting an amendment; however, Plaintiff has failed to even serve the new entity Defendants with process, let alone discover additional relevant and admissible evidence. In other words, to date, Plaintiff has not provided any proof or evidence, other than through his own unsubstantiated speculation that the entity Defendants grossed $500,000 or more in the relevant time period of 2013 and 2014. In contrast, Defendants have provided their tax returns showing that the $500,000 was not met in 2013 or in 2014. See, ***DE #26-1.***

Moreover, at his deposition, Plaintiff was asked specifically on this issue. In response to counsel's questions, Plaintiff stated that he never viewed Defendants finances or bank accounts and that he does not have personal knowledge as to Defendants' finances (***DE #47-3***, 29:25 – 30-9). The only testimony he provides in support of his belief, is, "Well, from what I know, they would make from 2,000 to 2,500 per day because they would sell windows, new, repaired windows, glass." See, (***DE #47-3***, 30:13-15). Plaintiff's testimony is refuted and contradicted by his own admission in response to pressing questions on the issue, that he, typically, handled no more than 300, $400 each day. See, (***DE #47-3***, 30:16-21) and that he handled no more than $800 at a time, and even that, very little. See, (***DE #47-3***, 30:25 – 31-17). Such testimony is insufficient to rebut Defendants' tax returns. See, e.g., *Arilus v. DiEmmanuele*, 895 F. Supp. 2d 1257, 1262 (S.D. Fla. 2012) ("Even taking all of the testimony in the light most favorable to Plaintiffs, the Court finds that the Plaintiffs' testimony as to alleged payments from customers in cash on a few occasions simply is insufficient to establish that there is a disputed issue of <u>material</u> fact as to the volume of Defendants' annual sales or business done.") (emphasis in original). In *Gregory v. Quality Removal, Inc.*, 2014 U.S. Dist. LEXIS 154293 (S.D. Fla. Oct. 29, 2014), the Plaintiffs attempted to negate Defendant's tax returns by estimating that the Defendant's gross receipts were higher than the returns showed because they believed additional drivers provided services in similar volumes as they did. Plaintiffs had no ledgers, balance sheets, phone records, mileage reports, receipts, or bank statements to support their projections. Relying on the Eleventh Circuit's rejection of similar testimony in *Josendis v. Wall to Wall Residence Repairs, Inc*., 662 F.3d 1292 (11th Cir. 2011), the *Quality Removal* Court rejected such testimony as incredible and inadmissible to rebut the tax returns.

In *Josendis*, the Plaintiff relied on conjecture and speculation as to Defendant's volume of business without substantiating any of it with evidence or personal knowledge, in an attempt to avoid summary judgment on the issue of enterprise coverage. The affidavits he provided stated some amounts of revenue the Plaintiff personally observed ($5,000 check and an estimation that the Defendant earned $13,000-$14,000 per project) "did not ground their projections in admissible evidence concretely establishing the true measure of Wall to Wall's gross sales per year, nor did they explain how they came to their belief that Wall to Wall had earned $500,000 in any one of the relevant years." *Id*. at 1318. The court concluded that, "unreliable conjecture that Wall to Wall worked on a certain number of apartments, presented as a 'belief' without any basis in ascertainable fact, was not the type of admissible evidence required to survive a motion for summary judgment See, *Josendis v. Wall to Wall Residence Repairs Inc.*, 662 F.3d 1292, 1318 (11th Cir. Fla. 2011).

This is exactly what Plaintiff is asking the Court to do here. Plaintiff has no personal knowledge or facts supporting his belief that the Defendants grossed $500,000.00 in 2013 and 2014. He testified that the most that he ever handled in a day was $800 – and did so rarely. Usually, he handled daily between $100-400. However, somehow, without explanation or proof, he states that the Defendant grossed $2,000 - $2,500 per day.

Interestingly, this is not the first instance in which such a senseless attack on a small business takes place. In *Rodriguez v. Marble Care Int'l, Inc.*, 2011 U.S. Dist. LEXIS 31845 (S.D. Fla. Mar. 14, 2011), a similar attempt was made by this same law firm against a small, local marble finisher, on behalf of a laborer. In that case, not only was summary judgment granted in favor of the Defendants for the same reasons sought herein, the Court ultimately awarded sanctions against Plaintiffs' counsel for the continued prosecution of a case in which it was

apparent that FLSA jurisdiction did not exist. Here, likewise, Defendants sought a Court order that would stop the waste of the very little resources they have when FLSA jurisdiction does not exist. The court allowed the Plaintiff, based on Plaintiffs' representations that an amendment was needed, to pursue additional entity Defendants – but Plaintiff has not even served those Defendants after receiving the Court's generous permission to do so – resulting in a complete waste of everybody's time and resources and rendering these proceedings a mockery.

Because the corporate Defendants showed to have grossed less than $500,000.00 in annual revenue in each of the years in which Plaintiff was employed by the Defendants through their tax returns and Plaintiff was unable to articulate a reason why those returns should not be determinative of the issue as tax returns are in the Eleventh Circuit, the Defendants are entitled to summary judgment on the issue of enterprise coverage under the FLSA.

## **CONCLUSION**

For the above-stated reasons, Defendants respectfully request that this Court enter an Order granting their Motion for Summary Judgment as to Plaintiff's overtime claim and any such other relief as the Court deems just and proper.

Respectfully submitted, this 22nd day of December, 2015.

> LUBELL & ROSEN, LLC
> *Attorneys for Defendants*
> 200 S. Andrews Ave, Suite 900
> Ft. Lauderdale, Florida 33301
> Phone: (954) 880-9500
> Fax: (954) 755-2993
> E-mail:     adi@lubellrosen.com
>
> By: *s/Adi Amit*
>      Adi Amit, Esquire
>      Florida Bar No. 35257

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 22, 2015, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: ___/s *Adi Amit*_____
Adi Amit, Esquire
Florida Bar No: 35257

**SERVICE LIST**

*Abel Danildo Gerez Batista v. Window Mart, Inc., et al.*
S.D. Fla. Case No. 1:15-cv-20094-DPG

J.H. Zidell, Esq.
Julia M. Garrett, Esq.
Steven C. Fraser, Esq.
J.H. Zidell, P.A.
300 71st Street
Suite 605
Miami Beach, Florida 33141
zabogado@aol.com
jgarrett.jhzidellpa@gmail.com
steven.fraser.esq@gmail.com
*Counsel for Plaintiff*

Adi Amit, Esquire
LUBELL & ROSEN, LLC
200 S. Andrews Avenue
Suite 900
Fort Lauderdale, Florida 33301
adi@lubellrosen.com
*Counsel for Defendants*