UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ABEL DANILDO GEREZ BATISTA and all others similarly situated under 29 U.S.C. 216(b),

Plaintiff,

vs.

WM International Group, LLC,
WINDOW MART, INC.,
LILIANA MORALES,
LUIS A. MORALES,

Defendants.

CASE NO.: 1:15-CV-20094-DPG

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY FINAL JUDGMENT

COMES NOW Plaintiff, by and through undersigned counsel, and states that Plaintiff is entitled to partial summary judgment as to the below described issues, pursuant to Southern District Local Rule 56.1 and FRCP 56, and shows the Court that there are no genuine issues of material fact to preclude the entry of summary judgment in Plaintiff's favor, and in support thereof states as follows:

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

## I. Introduction

1. Plaintiff moves for summary judgment on the following 2 issues:
   1) The individual Defendants Luis Morales and Liliana Morales were Plaintiff's employer along with the Defendant Corporation under the Fair Labor Standards Act and would therefore be jointly and severally liable along for any overtime wages owed to Plaintiff.
   2) Plaintiff is an individual who is covered under the Fair Labor Standards Act.

## II. Argument

### a. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure authorizes entry of summary judgment where the pleadings and supporting materials show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Hoffman v. Allied Corp., et al., 912 F.2d at 1383. *See also,* Beal v. Paramount Pictures Corporation, 20 F.3d 454, 459 (11th Cir. 1994). Summary judgment is properly regarded not as a disfavored procedural shortcut but, rather, as an integral part of the federal rules as a whole, which are designed to secure a just, speedy, and inexpensive determination of every action. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Accepting this evidence as truthful, the Court must view the record and all factual inferences there from in the light most favorable to the non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting *Anderson*, 477 U.S. at 251-52)).

### b. Defendant Liliana Morales was Plaintiff's Employer

Plaintiff asserts that both Luis and Liliana Morales were Plaintiff's employers; however, there is only no genuine dispute as to material fact in regard to Liliana Morales. Defendants admit and do not dispute the facts sufficient for this Court to find in summary judgment that Liliana Morales was an employer of Plaintiff.

The FLSA defines an "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. §203(d). The term "employer" ought be interpreted more broadly under the Act than common law for remedial purposes. *See, e.g.,* Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2nd Cir. 1999); Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 965 (6th Cir. 1991), citing McLaughlin v. Seafood, Inc., 867 F.2d 875, 877 (5th Cir. 1989); Donovan v. Agnew, 712 F.2d 1509, 1510 (1st Cir. 1983); Falk v. Brennan, 414 U.S. 190, 195 (1973). The FLSA describes an employer as, "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203. "An entity 'employs' a person under the FLSA if it 'suffer[s] or permit[s]' the individual to work.'" Layton v. DHL Exp. (USA), Inc., 686 F.3d 1172, 1175 (11th Cir. 2012), *citing* 29 U.S.C. § 203(g).

Individual liability under the FLSA is focused on one's ability to control or withhold payment to employees. Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1313 (11th Cir. 2013). Further, multiple employers may be responsible for compliance with the FLSA within one business organization. *See*, Elliott Travel & Tours, Inc., 942 F.2d at 965; Donovan v. Agnew, 712 F.2d 1509, 1510 (1st Cir. 1983). "[B]oth the employing corporation and the individual responsible for operation thereof may be employers for purposes of the FLSA." Figueroa v. America's Custom Brokers, Inc., 48 F.Supp.2d 1372, 1377 (S.D. Fla. 1999), *citing* Patel v. Wargo, 803 F.2d 632, 638 (11th Cir. 1986). In the Eleventh Circuit, "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." Patel, 803 F.2d at 637-38, *quoting* Agnew, 712 F.2d at 1511.

Financial control over a corporation is a significant factor in determining "employer" status. See, Elliot Travel & Tours, 942 F.2d 966 (6th Cir. 1991); Donovan v. Grim Hotel Co., 747 F.2d 966, 972 (5th Cir. 1984)(imposing FLSA liability on a "top man" who guided corporate policies and

controlled "purse strings"); Donovan v. Sabine Irrigation Co., Inc., 695 F.2d 190, 193-95 (5th Cir. 1983)(liability for controlling finances and dominating the administration); Dole v. Simpson, 784 F.Supp. 538, 545-47 (S.D. Ind. 1991).

As established in this matter's Statement of Material Facts; Defendant Liliana Morales hired Plaintiff, determined how he should be paid, and what his schedule was. It is beyond dispute that she was an employer of Plaintiff – regardless of if the proper corporate entity is Window Mart, Inc. or WM International Group, LLC.

**c. Batista is Covered Under the FLSA Through "Individual Coverage"**

As described in Plaintiff's Statement of Material Facts, Plaintiff regularly installed and constructed screens which were made from materials created outside of the State of Florida. This is sufficient to create individual coverage under the FLSA.

There are two ways to gain coverage under the FLSA for an employer. The first, involving the existence of an enterprise, requires that the business have $500,000 in sales. If an employee is personally involved in interstate commerce, then the coverage as an "enterprise" including the $500,000 threshold, is unnecessary.

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C.A. § 207(1). "'Commerce' means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C.A. § 203(b).

"For individual coverage under the FLSA to apply, a plaintiff must show that he or she is (1) engaged in commerce or (2) engaged in the production of goods for commerce." Rodriguez v. Diego's Rest., Inc., 619 F. Supp. 2d 1345, 1350 (S.D. Fla. 2009).

As established in Plaintiff's Statement of Material Facts, it was a significant part of Plaintiff-employee's job to install screens and construct screens from materials in interstate commerce. There is no genuine dispute of material fact regarding this, and thus, summary judgment should be entered in favor of Plaintiff as to the issue of coverage under the FLSA.

*Wherefore* Plaintiff asserts that this Court should find Summary Judgment in Plaintiff's favor in regard to Liliana Morales as an employer and Plaintiff-employee being covered under the FLSA.

Respectfully submitted, this 23rd day of December, 2015.

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Defendants*

By: /s/ Elizabeth O. Hueber
Elizabeth Olivia Hueber
Florida Bar No.: 0073061
Elizabeth.hueber.esq@gmail.com

**CERTIFICATE OF SERVICE:**

I hereby certify that a true and correct copy of the foregoing Plaintiff's Statement of Material Facts in Support of Plaintiff's Motion for Partial Summary Judgment and all attachments was served via CM/ECF to all counsel or parties of record in the Service List below on this December 23, 2015.

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Defendants*

By: /s/ Elizabeth O. Hueber
Elizabeth Olivia Hueber
Florida Bar No.: 0073061
Elizabeth.hueber.esq@gmail.com