## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
Case No. 1:15-cv-20094-DPG

ABEL DANILDO GEREZ BATISTA and
all others similarly situated under 29 U.S.C.
216(b),

      Plaintiff,

v.

WINDOW MART, INC., et al.,

      Defendants.

_____/

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants[1], by and through undersigned counsel, hereby file their Response to Plaintiff's Motion for Partial Summary Judgment [DE #48] and, in support, state as follows:

## SUMMARY OF THE RESPONSE

Plaintiff's Motion for Partial Summary Judgment should be denied. While Defendants agree that the individual Defendants were Plaintiff's "employers" under the FLSA, even accepting the facts stated by the Plaintiff – that he used window and screen parts that originated outside Florida – as true, Plaintiff's position, that the Fair Labor Standards Act "individual coverage" applied to him, when his work was wholly *intrastate*, borders frivolity and contradicts the applicable law in the Eleventh Circuit and this District.

---

[1]     As discussed in Defendants' Renewed Motion for Summary Judgment [DE #47], despite seeking and receiving permission from the Court to do so, Plaintiff has neglected to perfect service of process on any Defendant other than the original Defendants – Window Mart, Inc., Liliana Morales, and Luis A. Morales – as required by the Rules. Therefore, this Response is filed only on behalf of the three Defendants who have been served and upon whom the Court has personal jurisdiction. It is Defendants' position, that the Court lacks personal jurisdiction over the non-served Defendants. "Personal jurisdiction has two elements: amenability to jurisdiction and service of process." See, *Prewitt Enterprises, Inc. v. Org. of Petrol. Exp. Countries*, 353 F.3d 916, 925 n.15 (11th Cir. 2003). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." See, *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (U.S. 1987)

1

In reviewing Plaintiff Motion, it is important to note that Plaintiff has not cited a single case in support of his meritless argument, that using parts that originated outside Florida in his intrastate work is sufficient for "individual coverage" under the FLSA – because no such case exists subsequent to the Eleventh Circuit decision in *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264 (11th Cir. 2006) and the clear subsequent case law on this issue.

## STATEMENT OF MATERIAL UNDISPUTED FACTS IN OPPOSITION

Pursuant to S.D. Fla. L.R. 56.1(a), Defendants are simultaneously herewith filing their response to Plaintiff's Statement of Facts and further incorporate their Statement of Material Undisputed Facts [DE #47-1], previously filed in support of their Motion for Summary Judgment [DE #47].   All references to documents already filed by Defendants in the Court's docket are followed by a designation in the format of DE #__.

## LEGAL ARGUMENT
### Summary Judgment Standard

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(c)*; *accord Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Hickson Corp. v. N. Crossarm Co.,* 357 F.3d 1256, 1259 (11th Cir. 2004). An issue of fact is "material" if, under the applicable substantive law, it might affect the outcome of the case. See, *Hickson Corp.,* 357 F.3d at 1259. An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *Id. at 1260*. A court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.; see also, Anderson,* 477 U.S. at 251-52.

The party moving for summary judgment has the burden of proving that: (1) there is no genuine issue as to any material fact, and (2) it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986*).*   In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Anderson,* 477 U.S. at 255. If a reasonable fact finder could draw more than one inference from the facts and that inference creates an issue of material fact, a court must not grant summary judgment. *Id.* On the other hand, summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322.

"[O]nce the moving party has met its burden of showing a basis for the motion, the nonmoving party is required to 'go beyond the pleadings' and present competent evidence designating 'specific facts showing that there is a genuine issue for trial.'" See, *United States v. $183,791.00,* 391 F. App'x 791, 794 (11th Cir. 2010) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986)). Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but [instead] must set forth specific facts showing that there is a genuine issue for trial." See, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (citation omitted). "Likewise, a [nonmovant] cannot defeat summary judgment by relying upon conclusory assertions." See, *Maddox-Jones v. Bd. of Regents of Univ. of Ga.*, 448 Fed. Appx. 17, 2011 WL 5903518, at *2 (11th Cir. 2011). Mere "metaphysical doubt as to the material facts" will not suffice. See*, Matsushita,* 475 U.S. at 586.

3

**Substantive Argument**

**A. Defendants Liliana Morales and Luis A. Morales were Plaintiff's employers as defined by the Fair Labor Standards Act**

As stated above, the Defendants agree that it has been demonstrated in the course of discovery in this matter, that Liliana Morales and Luis A. Morales, may be liable as Plaintiff's "employers" for violations of the FLSA. As discussed below, however, Plaintiff is not entitled to relief under the FLSA because he was not a covered individual under the FLSA.

**B. Plaintiff Was Not Covered by the FLSA**

As an initial matter, "it is Plaintiffs' burden to establish that subject matter jurisdiction exists." See, *Arilus v. DiEmmanuele*, 895 F. Supp. 2d 1257, 1259 (S.D. Fla. 2012). Here, Plaintiff has failed to establish FLSA subject matter jurisdiction.

"The FLSA mandates that an 'employee[]' who is 'engaged in interstate commerce' must be paid an overtime wage of one and one-half times his regular rate for all hours he works in excess of forty hours per week." See, *Josendis v. Wall to Wall Residence Repairs Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) (citing 29 U.S.C. §207(a)). "In order to be eligible for FLSA overtime, however, an employee must first demonstrate that he is 'covered' by the FLSA." *Id*. there are two types of FLSA coverage: "First, an employee may claim 'individual coverage' if he regularly and 'directly participat[es] in the actual movement of persons or things in interstate commerce.'" *Id*. (citing *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006)). "Second, an employee is subject to enterprise coverage if he is 'employed in an enterprise engaged in commerce or in the production of goods for commerce.'" *Id*. (citing 29 U.S.C. §207(a)(1)).

In his Motion for Partial Summary Judgment, Plaintiff is addressing only "individual coverage" and not "enterprise coverage." Therefore, because Plaintiff appears to have abandoned

enterprise coverage arguments in his Motion for Partial Summary Judgment, Defendants do not address this issue in this response but have addressed it in detail it in their Motion for Summary Judgment because enterprise coverage under the FLSA is also lacking in this case.

### C. **FLSA "Individual Coverage"**

Plaintiff's clear deposition testimony establishes that Plaintiff did not regularly and recurrently participate in interstate commerce where all his duties were intra state – he repaired and built screens from parts his employer purchased – all of which was conducted in Miami-Dade County.

Specifically, Plaintiff admitted that his job functions were to build screens from parts and to repair windows (*DE #47-3*, 22:22 – 23-11). Plaintiff stated that he never traveled outside Miami-Dade County for the job (*DE #47-3*, 22:5-21). Plaintiff stated that he never placed orders for any parts or materials used by the Defendants (*DE #47-3*, 25:17-19) Finally, Plaintiff stated that did not use any of the various instrumentalities of interstate commerce (See, *DE #47-3*, 26:24 – 27:21)

An employee is "engaged in commerce" under the FLSA if he **directly participates** in the actual movement of persons or things in interstate commerce by (1) working for an instrumentality of interstate commerce (i.e., a transportation or communication industry) or (2) by regularly using the instrumentalities of interstate commerce in his work (i.e., regular and recurrent use of interstate telephone, telegraph, mail, or travel). See, *Casanova v. Morales*, 2007 U.S. Dist. LEXIS 96333, *7 (S.D. Fla. Aug. 2, 2007) (emphasis added)

"For individual coverage to apply under FLSA, an employee must present evidence that he or she was (i) engaged in commerce or (ii) engaged in the production of goods for commerce." See, *Lopez v. Ans*, 2010 U.S. Dist. LEXIS 7543; 2010 WL 335638 (S.D. Fla.,

January 29, 2010) (citing *Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264, 1265-1266 (11th Cir. 2006)); *Quality Removal, Inc.*, 2014 U.S. Dist. LEXIS 154293, at *16 (citing *Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006)). "The Eleventh Circuit found that to 'engage in commerce,' a plaintiff must '**directly participat[e] in the actual movement of persons or things in interstate commerce**.'" *Ans*, Id. (citing *Thorne*, 448 F.3d at 1266) (emphasis added). "When determining individual coverage, **the character of the employee's activities is determinative, not the nature of the employer's business**." *Id.* (citing *Overstreet v. N. Shore Corp.*, 318 U.S. 125 (1943)) (emphasis added). "The test to determine whether an employee is engaged in commerce is not whether the employee's activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of it." See, *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 862 F. Supp. 2d 1309, 1312 (S.D. Fla. 2012) (citing *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943)). "A key factor in determining if a plaintiff engaged in commerce for purposes of individual coverage under the FLSA is whether such activities were a 'regular and recurrent' part of the plaintiff's employment duties." *Id.* (citing 29 C.F.R. 776.10(b)). "The 'employee's interstate activity must be regular and recurrent and not simply isolated or sporadic for jurisdiction to exist.' *Id.* (citing *Dent v. Giaimo*, 606 F. Supp. 2d 1357, 1360 (S.D. Fla. 2009)); *Seijo v. Casa Salsa, Inc.*, 2013 U.S. Dist LEXIS 167205; 2013 WL 6184969, at *3-4 (S.D. Fla. November 25, 2013) ("Casa Salsa is a dance studio, not an instrumentality of interstate commerce, a fact that Seijo does not contest. So she needs to produce evidence that she *regularly* used the instrumentalities of interstate commerce in her work . . . Traveling to New York once a year is not regular and is therefore insufficient") (emphasis in original); *Lopez v. Pereyra Ans*, 2010 U.S. Dist. LEXIS 7543, 2010 WL 335638, at *5 (S.D. Fla. Jan. 29, 2010).

In his Motion for Partial Summary Judgment, Plaintiff claims that he was individually covered by the FLSA because some of the parts he used originated outside Florida. This position was clearly rejected by the Eleventh Circuit.

With respect to usage of parts that had previously been in interstate commerce,

> "[Courts distinguish between merchants who bring commerce across state lines for sale and the ultimate consumer, who merely purchases goods that previously moved in interstate commerce for intrastate use. Therefore, a customer who purchases an item from Home Depot is not engaged in commerce even if Home Depot previously purchased it from out-of-state wholesalers."

See, *Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1267 (11th Cir. Fla. 2006). As further explained in *Navarro v. Broney Auto. Repairs, Inc.*, 533 F. Supp. 2d 1223, 1226 (S.D. Fla. 2008):

> In *Thorne,* the employee tried to prove individual FLSA coverage by showing that he regularly purchased goods and materials that came from out-of-state at a local Home Depot. The Eleventh Circuit held that the FLSA did not apply, reasoning that '**when goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further intra state movement of the goods are not covered under the Act**.' The *Thorne* panel went on to say that a customer who purchases an item from a store is not engaged in commerce even if the store previously purchased the item from out-of-state wholesalers. (emphasis added)

Plaintiff has not presented any evidence that he or the Defendants brought **any** commerce from outside Florida or that they were the interstate customers of the parts he used. The evidence on the record shows that all Defendants' suppliers of parts were local, Florida retailers (as was Home Depot in *Thorne*). See, Defendants' Response No. 9 to Interrogatories, *DE #47-2*:

9.      Please list each vendor from whom you purchased products or materials from during the years, 2012, 2013 and 2014. Please include name of vendor, contact person at said vendor from where said purchases were made form; and the address and telephone number of said vendor.

**Response**:      Window Mart, Inc. had no vendors during the years 2012, 2013, and 2014 because it conducted no business. Vendors that provided products or materials that Plaintiff or other employees of the individual Defendants used include:

a.    Barton & Kramer; Miami, FL; 305-477-9444
b.    Strybuc; Miami, FL; 305-558-5051
c.    Screentech; Miami, FL; 305-592-0909
d.    CR Lawrence; Fort Lauderdale, FL; 954-846-9232
e.    AWP; Medley, FL; 305-887-2646
f.    Lawson; Town and Country, FL; 305-696-8660

Even the invoices attached by Plaintiff [***DE #49-1***] show that that supplier – Strybuc – had a Hialeah address. Correspondently, at his deposition, Plaintiff corroborated that he picked up the materials from that same Miami-Dade, Florida, location:

Q:    Did you ever go to Home Depot, anyplace like that to purchase anything for Window Mart?

A:    Not that I recall.

Q:    Okay. And did you ever go to any of the suppliers and purchase anything there for Window Mart?

A:    I went to get -- I went to get -- I went to get glass a few times at -- a company but not -- one time, I went to get a stripe -- a stripe to get --

Q:    What is that? Strybuc?

A:    Strybuc but not many times.

Q:    Where is Strybuc located?

A:    57th and 138th of Opa-Loca

Q:    Okay. So it's within Miami-Dade County?

A:    Yes.

Q:    Okay. Did you purchase anything at Strybuc or did you just load the van or truck and brought it to Window Mart?

A:    I went to get a small part that came in a box but I don't know what it was.

See, ***DE #47-3***, 36:6-24.

On another occasion at his deposition, Plaintiff stated that the parts he used came locally from a company near the airport:

> Q:    Now the parts that you used to repair the windows and make screens, do you know where they came from?
>
> A:    What he would buy to make the screens came from Barton Kramer. It's a company near the airport. And in the box it said Made in China.

See, ***DE #47-3***, 25:11-16.

Both Barton Kramer and Strybuc are local retailer/suppliers. See, Defendants' Response No. 9 to Interrogatories, ***DE #47-2.*** Plaintiff simply used the parts that ended their interstate travel when they arrived at Defendants' suppliers/retailers prior to him even seeing or touching them. Plaintiff did not participate in any way in the parts' interstate movement prior to the parts' arrival at their South Florida destination, let alone in a "regular and recurring" way.

Further, Plaintiff also did not participate in any interstate movement subsequently. The windows he built from the parts were all installed in Miami-Dade County:

> Q:    Okay. And the jobs that you went out to look at, you know, at the replacement, would that be only Miami-Dade County?
>
> A:    Yes. It would be all, yes, within – it would be Miami Beach, the 441 and all that south. Sometimes South Beach.
>
> Q:    Did you ever go out to Broward for installations?
>
> A:    No. No, another person would go, another man.
>
>        - - - -
>
> Q:    Did you ever go to Palm Beach County to install anything?
>
> A:    Not -- not myself. I know that Melvin would go there.
>
> Q:    Okay. And did you ever go outside of Florida to install anything?
>
> A:    No. Only in Florida.

See, ***DE #47-3***, 21:24 – 22:21.

The "admission" Plaintiff is relying on, as cited by the Plaintiff, is inapposite because it simply stipulated that parts Plaintiff used originated outside Florida – it specifically did not admit or stipulate that Plaintiff engaged in interstate commerce as a result:

Q.      Some of the suppliers that you mentioned earlier, that he was working with materials from those suppliers?

A.      Screens. Yeah. Uh-huh.

Q.      Okay. And do those -- does -- do those material -- does that material ***come from*** outside of Florida?

MR. AMIT:   You know what, Steve, I think we stipulated that point of jurisdiction. I think the -- part of it that we did not was the amount, but I think we've admitted that at least two employees handled materials and goods that originated out of Florida. So I don't think you need to ask questions about that.

MR. FRASER: Okay.

MR. AMIT:   And if we didn't, then I stipulate to it right now.

MR. FRASER: Thank you.

Mr Fraser:   So, Mr. Amit, so that I'm clear, you're stipulating that the plaintiff engages in commerce –

Mr. Amit:   No, that's not what I'm stipulating to, What I'm stipulating to is that he handled goods and materials that ***originated*** –

(emphasis added)

The Court in *Casanova v. Morales*, 2007 U.S. Dist. LEXIS 96333 (S.D. Fla. Aug. 2, 2007) faced the same position posed by the same Plaintiff's lawyers, which relied on pre-*Thorne* case law and rejected it. Rejecting Plaintiff's position, Judge Jordan stated, "The problem with Mr. Casanova's argument is that these decisions have been superseded by the Eleventh Circuit's 2006 decision in *Thorne*." See, *Casanova v. Morales*, 2007 U.S. Dist. LEXIS 96333, *9 (S.D. Fla. Aug. 2, 2007). Further, the Court explained:

"As in *Thorne,* moreover, Mr. Casanova's purchase of some supplies from Home Depot or other retailers is not enough to provide "individual coverage" under the FLSA. Even though some of those supplies may have traveled in interstate commerce, Mr. Casanova and Mr. Morales were the intended consumers."

*Id*. at *10-11.

As in *Casanova*, *Broney* and in *Thorne*, the Plaintiff here was a manual laborer, who used parts that may have originated outside Florida, but used them only intrastate – all windows and screens he built and/or repaired were then installed for customers in South Florida and never

returned to interstate commerce. Therefore, the same reasoning the Eleventh Circuit applied in *Thorne* and the Courts in the District have applied subsequently should control over Plaintiff's claim here and state that Plaintiff **was not** individually covered by the FLSA merely because he used parts that have traveled in interstate commerce before they arrived to Defendants' Florida suppliers. See also, *Guzman v. Irmadan, Inc.*, 551 F. Supp. 2d 1368, 1369 (S.D. Fla. 2008) (individual coverage did not exist to an employee performed services installing and assembling cabinets in the homes and workplaces of Defendant's customers).

Unlike the analysis used for FLSA "enterprise coverage," where the Courts look whether the entity engaged in interstate activities (by using products that had previously traveled interstater), in analyzing FLSA "individual coverage," the Court must look whether **the individual's** actual activities were regularly and recurrently interstate. When the individual's activities were solely intrastate, as they were here, "individual coverage" does not apply, regardless of where the parts that individual used originated from. This is the law in the Eleventh Circuit. Plaintiff is asking the Court to disregard it without citation to a single case in support of this position.

## **CONCLUSION**

For the above stated reasons, Plaintiff is not entitled to partial summary judgment in his favor on the issue of "individual coverage" under the FLSA and Defendants are entitled to an order granting them summary judgment as to liability based on this issues and the issues of FLSA "enterprise coverage" as addressed in their Motion for Summary Judgment.

Respectfully submitted, this 11th day of January, 2016.

LUBELL & ROSEN, LLC
*Attorneys for Defendants*
200 S. Andrews Ave, Suite 900
Ft. Lauderdale, Florida 33301
Phone: (954) 880-9500
Fax: (954) 755-2993
E-mail:     adi@lubellrosen.com

By: *s/Adi Amit*_____
        Adi Amit, Esquire
        Florida Bar No. 35257

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 11, 2016, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:____*/s Adi Amit*_____
        Adi Amit, Esquire
        Florida Bar No: 35257

## SERVICE LIST

***Abel Danildo Gerez Batista v. Window Mart, Inc., et al.***
S.D. Fla. Case No. 1:15-cv-20094-DPG

J.H. Zidell, Esq.
K. David Kelly, Esq.
Elizabeth O. Hueber, Esq.
Steven C. Fraser, Esq.
J.H. Zidell, P.A.
300 71st Street
Suite 605
Miami Beach, Florida 33141
zabogado@aol.com
david.kelly38@rocketmail.com
Elizabeth.hueber.esq@gmail.com
steven.fraser.esq@gmail.com
*Counsel for Plaintiff*

Adi Amit, Esquire
LUBELL & ROSEN, LLC
200 S. Andrews Avenue
Suite 900
Fort Lauderdale, Florida 33301
adi@lubellrosen.com
*Counsel for Defendants*

12