UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:15-cv-20094-DPG

ABEL DANILDO GEREZ BATISTA and
all others similarly situated under 29 U.S.C.
216(b),

    Plaintiff,

v.

WINDOW MART, INC., et al.,

    Defendants.
_____/

## DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS

Defendants[1], by and through undersigned counsel, hereby file their Response to Plaintiff's Statement of Facts [DE #49] as follows:

1. Admitted

2. Admitted.

3. Admitted as to Liliana Morales

4. Admitted.

5. Admitted that Plaintiff used materials – some of which originated outside Florida. Denied that Plaintiff's work included **any** work interstate or involved parts that had come through interstate commerce directly to the Defendants and not from local suppliers/retailers. See, ¶¶14-19, 26, ***DE #47-1***. See also, Defendants' Response to

---

[1] As discussed in Defendants' Renewed Motion for Summary Judgment [DE #47], despite seeking and receiving permission from the Court to do so, Plaintiff has neglected to perfect service of process on any Defendant other than the original Defendants – Window Mart, Inc., Liliana Morales, and Luis A. Morales – as required by the Rules. Therefore, this Response is filed only on behalf of the three Defendants who have been served and upon whom the Court has personal jurisdiction. It is Defendants' position, that the Court lacks personal jurisdiction over the non-served Defendants. "Personal jurisdiction has two elements: amenability to jurisdiction and service of process." See, *Prewitt Enterprises, Inc. v. Org. of Petrol. Exp. Countries*, 353 F.3d 916, 925 n.15 (11th Cir. 2003). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." See, *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (U.S. 1987)

1

Interrogatory No. 9, **DE #47-2** and Plaintiff's Deposition - **DE #47-3**, 25:11-16; 36:6-24.

6. Denied that Defendants stipulated that materials used by Plaintiff were "interstate in character." The stipulation cited by Plaintiff only stipulated that some of the materials Plaintiff used *originated* or *came from* outside Florida. It specifically did not stipulate that the parts were in interstate commerce when Plaintiff used them. See, **DE #49-3**, 36:5-18; 37:14-21. All of the suppliers who supplied parts and materials to Liliana Morales, Luis Morales and their entity were local. See, Defendants' Response to Interrogatory No. 9, **DE #47-2.** Plaintiff, on occasion, drove to Hialeah, Miami-Dade County, Florida, to pick up materials from one of Defendants' supplier/retailer - Strybuc. **DE #47-3**, 36:6-24. On occasion, Plaintiff also used parts that had come from Barton Kramer out of its location neat the Miami airport. See, **DE #47-3**, 25:11-16. Those materials may have traveled interstate prior to their arrival to that retailer/supplier. Denied that Plaintiff's installation work has any interstate component to it; all his work was in Miami-Dade County. See, **DE #47-3**, 21:24 – 22:21.

7. Admitted that Defendants did not record Plaintiff's time.

Respectfully submitted, this 11th day of January, 2016.

        LUBELL & ROSEN, LLC
        *Attorneys for Defendants*
        200 S. Andrews Ave, Suite 900
        Ft. Lauderdale, Florida 33301
        Phone: (954) 880-9500
        Fax: (954) 755-2993
        E-mail:   adi@lubellrosen.com

        By: *s/Adi Amit*
           Adi Amit, Esquire
           Florida Bar No. 35257

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 11, 2016, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  /s *Adi Amit*
 Adi Amit, Esquire
 Florida Bar No: 35257

## SERVICE LIST

*Abel Danildo Gerez Batista v. Window Mart, Inc., et al.*
S.D. Fla. Case No. 1:15-cv-20094-DPG

| | |
|---|---|
| J.H. Zidell, Esq. | Adi Amit, Esquire |
| K. David Kelly, Esq. | LUBELL & ROSEN, LLC |
| Elizabeth O. Hueber, Esq. | 200 S. Andrews Avenue |
| Steven C. Fraser, Esq. | Suite 900 |
| J.H. Zidell, P.A. | Fort Lauderdale, Florida 33301 |
| 300 71st Street | adi@lubellrosen.com |
| Suite 605 | *Counsel for Defendants* |
| Miami Beach, Florida 33141 | |
| zabogado@aol.com | |
| david.kelly38@rocketmail.com | |
| Elizabeth.hueber.esq@gmail.com | |
| steven.fraser.esq@gmail.com | |
| *Counsel for Plaintiff* | |

3