UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-CV-20094-DPG

ABEL DANILDO GEREZ BATISTA, )
and all others similarly situated under 29 )
U.S.C. 216(b), )
)
)
Plaintiffs, )
vs. )
)
)
WINDOW MART, INC., LILIANA )
MORALES, LUIS A. MORALES, WM )
INTERNATIONAL, LLC, )
)
Defendants. )
_____

**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

**COMES NOW** Plaintiff, by and through undersigned counsel, and hereby opposes the Motion for Summary Judgment filed December 22, 2015, and states as follows:

MEMORANDUM OF POINTS AND AUTHORITIES

## I.   Introduction

Defendants argue in their Motion for Summary Judgment [DE 47] that there is no jurisdiction under the FLSA pursuant to individual coverage or enterprise coverage. There is a tertiary issue discussed in Defendants' memorandum discussing the issue about WM International, LLC not properly being served. Plaintiff asserts that there has been proper service, but regardless, such a determination is not

necessary for this Motion for Summary Judgment, because Defendants Liliana Morales and Luis A. Morales are still employers, even if their organization is not a party to this suit. Plaintiff plans to address this service of process issue in a separate motion.

The two issues that Defendants seek to adjudicate are individual coverage and enterprise coverage. As for individual coverage, Defendants assert that the Plaintiff's work was entirely intrastate in character. In a competing motion for summary judgment [DE 48], Plaintiff asserts that his work involved the construction of goods for the local market from materials and goods procured outside the state of Florida. Plaintiff requests that this Court incorporate the arguments contained in [DE 48] as for the sake of judicial economy.

As for enterprise coverage, Defendants assert that their tax returns and associated testimony are sufficient evidence to justify summary judgment. For reasons articulated below and in the statement of material facts in opposition to the underlying motion for summary judgment, these tax returns have zero probative value. Particularly, these tax returns do not reflect the activity actually done by the employer, are internally inconsistent, and are not reconcilable with Defendants' own claims. Thus, there remains a very real dispute of material fact as to the amount of business done by Defendant-employers that is beyond conjecture.

## II. <u>Argument:</u> Summary Judgment is Inappropriate

### a. Individual Coverage

Plaintiff requests that this court incorporate the argument and facts contained in Plaintiff's competing Motion for Summary Judgment on individual coverage for the sake of judicial economy.

### b. Enterprise Coverage

29 U.S.C. § 203(s)(1)(A) requires that for enterprise coverage to apply, the enterprise at issue must make greater than $500,000. <u>Arilus v. Joseph A. DiEmmanuele, Jr., Inc.</u>, 895 F. Supp. 2d 1257, 1259 (S.D. Fla. 2012) <u>aff'd sub nom.</u> <u>Arilus v. Diemmanuele</u>, 522 F. App'x 881 (11th Cir. 2013).  Plaintiff-employee acknowledges that oftentimes tax returns are relied upon in regard to this jurisdictional limitation.  Courts have typically granted summary judgment when the employers' tax returns are only challenged only upon a plaintiff-employer's uncorroborated assertion and guesswork.  <u>Flores v. Nuvoc, Inc.</u>, 610 F. Supp. 2d 1349, 1355-56 (S.D. Fla. 2008) <u>aff'd sub nom.</u> <u>Polycarpe v. E&S Landscaping Serv., Inc.</u>, 616 F.3d 1217 (11th Cir. 2010).

"Plaintiffs' speculative beliefs, not based on direct 'knowledge or experience with the financial practices of the business,' are insufficient to defeat Defendants' motion for summary judgment." <u>Arilus v. Joseph A. DiEmmanuele, Jr., Inc.</u>, 895 F. Supp. 2d 1257, 1262 (S.D. Fla. 2012) <u>aff'd sub nom.</u> <u>Arilus v. Diemmanuele</u>, 522 F. App'x 881 (11th Cir. 2013).  Plaintiff-employee understand that he needs more than

"information and belief" to survive summary judgment when faced with sufficient admissible evidence of revenue less than $500,000.00. Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1318 (11th Cir. 2011)("Unreliable conjecture that Wall to Wall worked on a certain number of apartments, presented as a "belief" without any basis in ascertainable fact, was not the type of admissible evidence required to survive a motion for summary judgment.").

The rule requiring a bit more than guesswork when faced with sufficient evidence is reasonable. If a plaintiff-employee could just guess that a company made more than $500,000, there would never be summary judgment. Plaintiff-employee in this matter has provided testimony that exceeds guesswork. SoUMF § 10. The strength of this testimony is not why Plaintiff-employee should survive summary judgment. Instead, Plaintiff-employee should survive summary judgment because the tax returns submitted to this Court are, on their face alone, impossible and inconsistent with Plaintiff-employee's position. They do not support summary judgment in favor of Defendants.

By bringing this motion for summary judgment, it is Defendants requirement that they provide a certain amount of evidence, triggering Plaintiff's requirement to respond.. The party opposing a motion for summary judgment need not respond to it with evidence unless and until the movant has properly supported the motion with sufficient evidence. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). The moving party must demonstrate that the facts underlying all the relevant legal

questions raised by the pleadings or otherwise are not in dispute, or else summary judgment will be denied notwithstanding that the non-moving party has introduced no evidence whatsoever. Brunswick Corp. v. Vineberg, 370 F.2d 605, 611-12 (5th Cir. 1967).

This matter is a lot more like Turcios v. Delicias Hispanas Corp., 275 F. App'x 879, 882-83 (11th Cir. 2008) than these cases cited by Defendants where defendant-employers brought substantial and legitimate evidence of their revenue.  In Turcios, the 11th Circuit Court of Appeals reversed a decision in favor of the defendant-employer because the sketchy tax returns provided in support of the motion for summary judgment were insufficient to bring a prima facie case of summary judgment requiring plaintiff to rebut.  Id.  Some of the facts of the tax returns suggested that the tax returns were not legit.  Particularly, the tax returns indicated only revenue of $79,168, that the tax returns "failed to include cost of labor in the cost of goods sold, suggesting an even greater loss than reported", and that plaintiff-employee's salary accounted to almost half the restaurant's gross receipts. Id. at 82-83.

This circumstance is almost identical to Turcious.  All of the facts cited above in Turcious are present here.  The revenue is impossibly too low.  Cost of goods sold are only added on one of the periods.  No wages are referred to at all.  Based on the extraordinarily low revenue actually reported, Plaintiff would have been paid about half of the all of the company's revenue.  That is not even counting the 4 other employees there.  The tax returns provided by Defendants are unquestionably fatally

flawed. This demands one of two conclusions that must be true, either Defendants cheated on their taxes to save money and are lying to this Court, or, Defendants are absolutely awful at accounting. No matter which is true, the Court should conclude that Defendants statements are not probative of any fact, and thus cannot support that they received less than $500,000.00 in revenue.

In addition to the fact that the tax returns are inconsistent and incompatible with the positions that Defendants have been asserting, the Court should also consider the fact it is exceptionally difficult for someone to prove the income of a cash business. Before an FLSA case even begins, there is an incentive for employers to have inaccurate paper trails to save money on taxes. Employers who wish to evade taxes have incentives to create paper trails showing less income than they actually receive. If Defendants had been cheating on their taxes, they have very strong incentives to maintain the story that their tax returns are accurate.

Cash businesses, like Defendant-employers, are extraordinarily difficult to track. The IRS identifies that this can be done by "skimm[ing] from receipts, for example, pocketed before it is recorded. If this happens it will not be discovered by auditing the books."[1] The underreporting of cash received for small businesses was such a concern and so difficult to report, that the IRS implemented system by which credit card income is compared to cash reported in order to identify if underreporting

---

[1] Cash Intensive Businesses Audit Techniques Guide, April 2010. (available at: https://www.irs.gov/Businesses/Small-Businesses-&-Self-Employed/Cash-Intensive-Businesses-Audit-Techniques-Guide-Chapter-1).

of cash occurred.[2] If a company does not use credit cards, there is not much that the IRS or litigants can do.

Defendants have an incentive to underreport their income, independent of this suit being filed. There is evidence showing that the tax returns must have significantly underreported the income actually received. Thus, in light of the facts most favorable to Plaintiff as the non-moving party, defendants cannot support their Motion for Summary Judgment on the tax returns alone. They are shown to be inherently unreliable, and do not show the revenue with sufficient certainty when confronted with Plaintiff-employee's testimony.

### III.   Conclusion

While tax returns are sometimes good evidence of actual business conducted, these tax returns lose their probative value when they are inconsistent and clearly wrong. These tax returns do not support the prima facie argument of Summary Judgment, and thus, Defendants cannot be successful in their Motion for Summary Judgment.

---

[2] Written Testimony of Steven T. Miller Deputy Commissioner for Services and Enforcement Internal Revenue Service Before the House Committee on Oversight and Government Reform Subcommittee on Government Organization, Efficiency and Financial Management on the Tax Gap and Identity Theft, April 19, 2012 (available at: https://oversight.house.gov/wp-content/uploads/2012/04/4-19-12-Miller-Testimony.pdf); James R. White, Sources of Noncompliance and Strategies to Reduce It, United States Government Accountability Office, (available at: https://oversight.house.gov/wp-content/uploads/2012/04/4-19-12-White-Testimony.pdf).

Wherefore, Plaintiff requests that this Court deny Defendants' Motion for Summary Judgment [DE 47].

Respectfully submitted,

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiff*

By: /s/ Elizabeth O. Hueber
Elizabeth Olivia Hueber
Florida Bar No.: 0073061
Elizabeth.hueber.esq@gmail.com

## CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of the foregoing was served via CM/ECF to all counsel or parties of record in the Service List below on this January 15, 2016.

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiff*

By: /s/ Elizabeth O. Hueber
Elizabeth Olivia Hueber
Florida Bar No.: 0073061
Elizabeth.hueber.esq@gmail.com