UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-CV-20094-DPG

ABEL DANILDO GEREZ BATISTA, and all others similarly situated under 29 U.S.C. 216(b),

        Plaintiffs,

vs.

WINDOW MART, INC., LILIANA MORALES, LUIS A. MORALES, WM INTERNATIONAL, LLC,

_____

**PLAINTIFF'S STATEMENT OF FACTS IN RESPONSE TO DEFENDANTS STATEMENT OF FACTS IN REGARD TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT**

**COMES NOW** Plaintiff, by and through undersigned counsel, and provides these responses to Defendants' Statement of Material Facts [DE 26] and further provides his supplemental facts in support of Plaintiff's Opposition to Summary Judgment, pursuant to Fed. R. Civ. P. 56 and SDLR 56.1, and in support thereof, states as follows:

1. Whether business conducted by Liliana Morales and Luis A. Morales was attributed to Window Mart, Inc. or WM International, LL is something uniquely within the knowledge and control of Defendants, and thus, Plaintiff has no evidence to refute which corporate entity, Window Mart, Inc. or WM International, LLC, that "did business." Section 1 is thus admitted only for the purposes of Summary Judgment.

2. Denied that WM International Group, LLC is not a Defendant in this action. *See* Docket; Amended Complaint [DE 36]. All other facts admitted.

3. Whether work conducted by Plaintiff was attributed to Window Mart, Inc. or WM International, LL is something uniquely within the knowledge and control of Defendants, and thus, Plaintiff has no evidence to refute which corporate entity, Window Mart, Inc. or WM International, LLC, that "did business." Section 3 is thus admitted only for the purposes of Summary Judgment.

4. Admitted solely for the purpose of Summary Judgment.

5. Admitted for the purpose of Summary Judgment.

6. Admitted.

7. Admitted for the purposes of Summary Judgment.

8. Admitted for the purposes of Summary Judgment.

9. Admitted.

10. Denied, as explained below.

Defendants assert that the business earned less than $500,000.00, and as evidence they only provide their tax returns. These tax returns have no probative benefit because they cannot possibly be accurate. They are internally inconsistent.

Defendants Luis Morales and Liliana Morales filed WM International, LLC's tax returns as a sole proprietor (filed jointly). *See* Tax Returns for 2014, filed by Defendants at [DE 26-1] at p. 5. The profit or loss from the business is at page 10 of [DE 26-1]. Defendants assert that the gross receipts is only $63,974. Id. Further, there were no costs of goods sold, and every single dollar of the business was taken as "gross" profit. Id. No wages were paid. Id. The only expenses were some legal fees, bank charges, utilities, taxes, and rent. Id.

2013 is even more absurd. Defendants claim that WM International Group, LLC only made 18,773 in revenue, the entire year. Id. at 19. For some reason, in 2013 WM managed to have some costs of goods sold of $7,081. Id. Defendants supposedly paid no wages. Id.

These numbers are internally inconsistent for many reasons with only brief analysis. First, the obvious. Defendants had employees in 2013 and 2014, and paid Plaintiff as an employee, yet they list that no wages were ever paid to any of their five employees. Consider this – Defendants admit that Plaintiff worked in 2013 from September to the end of the year, a period of 17 weeks. Liliana Deposition at 5 [DE 49-3]; *see also* Batista Deposition at 14 [DE 47-3]. Defendants admit that Plaintiff was paid $500 to $600. *See* Defendants Statement of Material Facts, § 4 [DE 32-1]. Taking the lesser of those numbers, we can calculate that Plaintiff was paid at least $8,500.00 for that work during that partial point of the year. That would mean that Plaintiff was paid 45.38% of all of the revenue ever received by the company, during the entire year of 2013.

These facts, provided by Defendants themselves, are internally inconsistent with the facts that they are asking the Court to believe in the tax returns. This demands one of two conclusions that must be true, either Defendants cheated on their taxes to save money and are lying to this Court, or, Defendants are absolutely awful at accounting. No matter which is true, the Court should conclude that Defendants statements are not probative of any fact, and thus cannot support that they received less than $500,000.00 in revenue. Plaintiff alleges that he would take in from $300-$400 per day, for his work alone. Batista Deposition, p. 30-31 [DE 47-3]. This suggests that Defendants in fact earned more than $500,000.

Supplemental Facts in Support of Plaintiff's Opposition to
Defendants' Motion for Summary Judgment

1. Plaintiffs request that this Court consider the Statement of Facts incorporated in Plaintiff's Motion for Summary Judgment [DE 49].

2. As part of his regular job duties, Plaintiff regularly used materials, supplies, and tools that originated or were manufactured outside of Florida. Plaintiff regularly used those materials, supplies, and tools to create window products for Defendants, as well as improved or repaired windows and screens for Florida customers. These materials include, but are not limited to:

   a. Screen mesh ([DE 49-1], Liliana Depo., p. $6^1$, 16, 28, 35; [DE 49-2], Affidavit, paragraph 14-15);

   b. Upper screen roller ([DE 49-1], Liliana Depo., p. 37; [DE 49-2], Affidavit, paragraph 14-15);

   c. Box screen frames and other metal framing material ([DE 49-1], Affidavit, paragraph 15; [DE 49-3], Strybuc Invoice number 1130800-1);

   d. Window mechanics materials, including sliding window and screen rollers and crank handles ([DE 49-1], Liliana Depo., p. 34; [DE 49-2], Affidavit, paragraph 15; [DE 49-3], Strybuc Invoice number 1123694-1, Strybuc Invoice number 1047516-1);

   e. Window frames and window glass ([DE 49-2], Affidavit, paragraph 15).

---

[1] Q.  What did he do with the screens?
 A.  He put them together.
 Q.  Oh.
 A.  You buy the mesh, you buy the channels, the lengths, and you put them together.

    3. Defendants stipulated that materials were interstate in character. *See* [DE 49-1] Liliana Depo at $35^2;36^3$.

                                      Respectfully submitted,

                                        J.H. Zidell, P.A.
                                        300 71st Street, Suite 605
                                        Miami Beach, Florida 33141
                                        Tel: (305) 865-6766
                                        Fax: (305) 865-7167
                                        *Attorneys for Plaintiff*

                                        By: /s/ Elizabeth O. Hueber
                                        Elizabeth Olivia Hueber
                                        Florida Bar No.: 0073061
                                        Elizabeth.hueber.esq@gmail.com

---

[2] Q. Some of the suppliers that you mentioned, earlier, that he was working with materials from those suppliers?
A. Screens. Yeah. Uh-huh.
Q. Okay. And do those -- does -- do those materials -- does that material come from outside of Florida?
Mr. Amit: You know what, Steve, I think we stipulated that point of jurisdiction. I think the - part of it that we did not was the amount, but I think we've admitted that at least two employees handled materials and goods that originated out of Florida. So I don't think you need to ask questions about that.
Mr. Fraser: Okay.
Mr. Amt: And if we didn't, then I stipulate to it right now.
Mr. Fraser: Thank you.
[3] Mr. Fraser: So, Mr. Amit, so that I'm clear, you're stipulating that the plaintiff engages in commerce --
Mr. Amit: No, that's not what I'm stipulating to. What I'm stipulating to is that he handled in good and materials that originated --

## CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of the foregoing Plaintiff's Statement of Material Facts in Opposition to Defendant's Motion for Partial Summary Judgment and all attachments was served via CM/ECF to all counsel or parties of record in the Service List below on this 15th day of January, 2016.

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiff*

By: /s/ Elizabeth O. Hueber
Elizabeth Olivia Hueber
Florida Bar No.: 0073061
Elizabeth.hueber.esq@gmail.com