UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-CV-20094-DPG

ABEL DANILDO GEREZ BATISTA and
all others similarly situated under 29 U.S.C.
216(b),

          Plaintiff,
vs.

WINDOW MART, INC., LILIANA
MORALES, LUIS A. MORALES, WM
INTERNATIONAL GROUP, LLC.

          Defendants.
_____

## MOTION FOR DEFAULT

      Plaintiff, by and through undersigned counsel, hereby moves this Court for a Default to be entered against WM International Group, LLC, or, in the alternative grant WM International Group, LLC an additional 14 days to properly respond to Plaintiff's Amended Complaint and Plaintiff's Motion for Partial Summary Judgment and states as follows :

      1.    Defendants have consistently insisted that, despite them operating under the trade name "Window Mart", the real corporate party in interest is not Window Mart, Inc., but WM International Group, LLC.  Plaintiff moved to add WM International Group, LLC to this matter [DE 25].  Nevertheless, Defendants contested adding WM International Group, LLC because such an addition would be futile [DE 26].  This Court granted

**1** of 11

Plaintiff's Motion to Amend the Complaint to add this party [DE 25]. The Amended Complaint was served to Defendant Liliana Morales, through her counsel, Adi Amit.

2. Mr. Amit represents Liliana Morales, the sole manager and owner of WM International Group, LLC (d.b.a. Window Mart). The Florida Department of State designates that Defendant Liliana Morales is both the registered agent and the managing member of WM International Group, LLC. *See* attached 2015 Florida Limited Liability Company Annual Report, attached as Exhibit "A". This Annual Report was signed by Liliana Morales. No other party is listed as having any involvement with WM International Group, LLC. He also represents Window Mart, Inc., which allegedly is company that does no business. The sole officer of Window Mart, Inc. is Liliana Morales. Window Mart, Inc. and WM International Group, LLC allegedly share the same principal address. Plaintiff asserts that Window Mart, Inc., WM International Group, LLC, and Liliana Morales are alter egos of each other.

3. Defendants Answered this Amended Complaint on October 20, 2015 [DE 43]. Defendants do not list that WM International Group, LLC was answering actually answering. However, several admissions appear to be made in regard to WM International Group, LLC, particularly:

> a. § 4 "Denied that WM INTERNATIONAL GROUP, LLC is a corporation. Admitted that WM INTERNATIONAL GROUP, LLC's principal address is within Miami-Dade County, Florida. Denied that WM INTERNATIONAL GROUP, LLC's was Plaintiff's 'joint employer.'"

    b. § 5 "The first sentence of this Paragraph is denied. Admitted that Liliana Morales is an owner of WM INTERNATIONAL GROUP, LLC."

    c. § 9. "Admitted that the fictitious name 'Window Mart' was owned by WM INTERNATIONAL GROUP, LLC, during the Plaintiff's stated dates of employment."

    d. § 21 "Admitted that Plaintiff was employed by WM INTERNATIONAL GROUP, LLC as a window repair man during the time period alleged in the paragraph."

4. In Defendants' Renewed Motion for Summary Judgment, Defendants asserted that Plaintiff never served WM International Group, LLC [DE 47]; however, that Motion was filed by all Defendants, which should include WM International Group, LLC. This is also reflected by the designation on the ECF which shows that the Summary Judgment was filed by WM International Group, LLC, and that Mr. Amit represents WM International Group, LLC.

5. Defendants' counsel also represented the interests of WM International Group, LLC on multiple other occasions, including but not limited to the Defendants' Response to Plaintiff's Motion to File Amended Complaint (to add WM International Group, LLC). "Plaintiff's conduct in this case, not surprisingly given counsel's identity, is simply aimed at causing additional financial ruin to these Defendants…"

6. It is Plaintiff's position that WM International Group, LLC has been served, or, has otherwise waived its appearance. Nevertheless, Plaintiff has served WM

International Group, LLC in the traditional method, at the location of its registered agent. *See* Summons Returned Executed attached as Exhibit "B".

7.       Plaintiff does not believe any extension of time or default is necessary; however, it appears necessary that Plaintiff must move for default prior to the issue of service being addressed later by Defendants as a matter of procedure.  Plaintiff moves for Default only because of WM International Group, LLC's current position appears to be that it is immune from suit or liability because it was not procedurally served.  WM International Group, LLC has been substantially participating in this matter through its only manager, Liliana Morales, and its proxy/alter ego Window Mart, Inc. and Plaintiff does not need any more discovery in that regard.

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**I.  Introduction**

Plaintiff requests that this Court either enter a Default against WM International Group, LLC for not responding to the Complaint within the proper time, or for an extension of time so that WM International Group, LLC can properly respond to the Complaint and participate in this action.

Plaintiff asserts that service of process occurred in one of three methods.  First, Adi Amit is the representative of WM International Group, LLC, and thus received service on behalf of the corporation that he is representing in this litigation and controversy either when the service of summons or Amended Complaint was sent to Mr. Amit on October 3, 2015 or October 20, 2015, respectively.  Second, WM International Group, LLC waived service of process by filing a Motion for Summary Judgment on its behalf on December 22,

2015.  Third, service of process was proper when process was left with the persons at WM International Group, LLC's designated address on January 11, 2016.

WM International Group, LLC has been involved in this litigation since the outset, and it either needs to provide its Answer to the Complaint or be put in default.

**II. <u>Argument</u> –**

    a. **Service of Process on LLCs**

The Federal Rules of Civil Procedure permit service of process to limited liability companies through their agents.

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> **(1)** in a judicial district of the United States:
>
> > **(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual ("following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"); or
> >
> > **(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process […]

Fed. R. Civ. P. 4.  The corresponding Florida rules regarding service of an LLC provide:

> Process against a limited liability company, domestic or foreign, may be served on the registered agent designated by the limited liability company under chapter 605. A person attempting to serve process pursuant to this subsection may serve the process on any employee of the registered agent during the first attempt at service even if the registered agent is a natural person and is temporarily absent from his or her office.

Fla. Stat. Ann. § 48.062(1).

    b. **WM International Group, LLC Waived Service of Process**

It has long been the law of the United States parties that take action in a proceeding without first moving to challenge service of process are waiving their right to process. Gracie v. Palmer, 21 U.S. 699, 700 (1823). This principle is reflected in Fed.R.Civ.P. 12(h) which provides that the defense of insufficient process is waived unless a motion is made to challenge that service of process or, in the alternative, it is included in a responsive pleading. *See* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1391, at 852–53 (1969). "A party that fails to raise a defense of lack of personal jurisdiction at the appropriate time is deemed to have conferred personal jurisdiction on the court by consent." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990). Also, "[w]here a defendant leads a plaintiff to believe that service is adequate and that no such defense will be interposed, ... courts have not hesitated to conclude that the defense is waived." Gwathney v. Keller, No. 2:09CV479-MEF, 2011 WL 6182103, at *2 (M.D. Ala. Oct. 12, 2011) report and recommendation adopted, No. 2:09CV479-TMH, 2011 WL 6182366 (M.D. Ala. Dec. 12, 2011), *citing* Trustees of Cent. Labororers' Welfare Fund v. Lowery, 924 F.2d 731, 733 (7th Cir.1991).

In this matter, WM International, LLC filed a Motion for Summary Judgment. Although this motion made reference to an issue of service of process, it was not a Motion to Quash service of process or otherwise a Fed.R.Civ.P. 12(b) motion. Because this Motion for Summary Judgment was entered on December 22, 2015, Defendant WM International, LLC's Answer should be due before January 12, 2016. Thus, Defendant WM International, LLC is in default.

### c.  WM International Group, LLC was Served Through Agent Adi Amit

As asserted above, Defendant WM International Group, LLC has been involved in this action and is represented by Adi Amit, Esq.  Mr. Amit has defended its interests, as well as the proxies of Window Mart, Inc. and principle Liliana Morales.  This circumstantial evidence reveals that Mr. Amit was appointed as agent by co-Defendant Liliana Morales, acting as Managing Member of WM International Group, LLC, to defend the interests of WM International Group, LLC in regard to this controversy.  Thus, service was perfected when the Summons was electronically served to WM International Group, LLC, Mr. Amit.

WM International Group, LLC may argue that there are particular requirements when serving a summons pursuant to Fed.R.Civ.P. Rule 4.  This is true.  Proper perfection of service has several requirements which are not present; however, these requirements may be waived.  Plaintiff asserts that by WM International Group, LLC submitting itself to the Court's electronic filing system and participating in this controversy, Defendant WM International Group, LLC has waived these strict requirements.

WM International Group, LLC may argue that attorneys are not necessarily representatives for services of process purposes.  *See* Durbin Paper Stock Co. v. Hossain, 97 F.R.D. 639, 639 (S.D. Fla. 1982)("[A] party must have appointed his attorney as his agent for service of process before personal jurisdiction is obtained over the party by service on his attorney." (finding effective service where summons and complaint were delivered to defendant's attorney where defendant authorized attorney to accept service of process on his behalf)*citing* Ransom v. Brennan, 437 F.2d 513 (5th Cir.1971); Miree v. United States, 490 F.Supp. 768 (N.D.Ga.1980); *see also*  Watkins v. Ramirez, No. 1362448CIVBLOOMVALLE,

2015 WL 5118365, at *3 (S.D. Fla. Aug. 31, 2015) Miree v. United States, 490 F. Supp. 768, 775 (N.D. Ga. 1980).  Plaintiff asserts that it is not WM International Group, LLC's status as an attorney that grants this agency.  Instead, Plaintiff asserts that the authorization granted by Liliana Morales, as managing member of WM International Group, LLC, to act in this controversy is sufficient to create this agency/authority to accept service of process.

If this theory of service of process is accurate, then service was made on October 13, 2015, and Defendant WM International Group, LLC's answer was due November 3, 2015, and is thus in default.

### d. Alternatively, WM International Group, LLC was Served on January 11, 2016

Florida Statute §48.062(1) provides that:

> Process against a limited liability company, domestic or foreign, may be served on the registered agent designated by the limited liability company under chapter 605. A person attempting to serve process pursuant to this subsection may serve the process on any employee of the registered agent during the first attempt at service even if the registered agent is a natural person and is temporarily absent from his or her office.

See Fla.Stat. § 605.0113 regarding duties associated with registered agents for limited liability companies.  WM International Group, LLC was served with the attached service of process on January 11, 2016, the 90th day after the summons was issued for them.  Thus, if Plaintiff's first and second theories of service are not appropriate, then Defendant WM International Group, LLC's answer would be due on February 1, 2016.  In such a circumstance, Plaintiff asks for a brief extension of time for WM International Group, LLC to properly participate in this action under Due Process and so that it may properly respond to Plaintiff's Motion for Summary Judgment.

### e. WM International, LLC has Been Involved in this Action and Need Not Have Significant Time to Defend Itself

Parties sometimes have the right to time to defend themselves when they are added as a party even when the defenses are similar to what was argued. <u>Nelson v. Adams USA, Inc.</u>, 529 U.S. 460, 468 (2000). In this matter, however, Defendant WM International Group, LLC has been involved in this litigation through its only owner, member, and manager. Furthermore, the claims against Defendant WM International Group, LLC are not new or different. Thus, Plaintiff asserts that WM International Group, LLC may be entered as a proper party without reopening discovery.

### III. Conclusion

Plaintiff seeks for WM International Group, LLC – the proper corporate employer according to Defendants – to participate and properly defend this action. Under one or all of the three theories of service of process above, WM International Group, LLC has been properly served. Plaintiff asserts that WM International Group, LLC's status as a Defendant is necessary to address due to Defendants' assertions that they are not parties to this action.

[Continued on the following page]

*Wherefore* the Plaintiff requests that this Court find that WM International Group, LLC is in default, or, permit WM International Group, LLC an additional 14 days to Answer the Amended Complaint and otherwise respond to Defendant's Summary Judgment Motion.

Respectfully submitted this 28th day of January, 2016.

> Respectfully Submitted,
>
> J.H. Zidell, P.A.
> Attorney For Plaintiff
> 300 71st Street, Suite 605
> Miami Beach, Florida 33141
> Tel: (305) 865-6766
> Fax: (305) 865-7167
> Email: Elizabeth.Hueber.Esq@gmail.com
>
> By:__/s/ Elizabeth Hueber_____
> Elizabeth Olivia Hueber
> Florida Bar Number: 0073061

### CERTIFICATE OF GOOD FAITH CONFERENCE; OPPOSED

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the movant has conferred with Defendants' counsel in regard to the subject matter of this motion. Defendants assert that WM International Group, LLC was not properly served.

> By:__/s/ Elizabeth Hueber_____
> Elizabeth Olivia Hueber

CERTIFICATE OF SERVICE

I certify that this was delivered to the following recipients via the Court's ECF system this 28th day of January, 2016.

By:__/s/ Elizabeth Hueber_____
Elizabeth Olivia Hueber
Florida Bar Number: 0073061

**SERVICE LIST**

VIA cm/ECF
Adi Amit
Fla. Bar No. 35257
*Counsel for Defendant*
Lubell & Rosen, LLC
200 S. Andrews Ave, Suite 900
Fort Lauderdale, FL 33301-2068
Tel: (954) 880-9500
Fax (954) 755-2993
Email: adi@lubellrosen.com