UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-20094-CIV-GAYLES

**ABEL DANILDO GEREZ BATISTA,**
*and all others similarly situated under*
*29 U.S.C. § 216(b)*,
                Plaintiff,

v.

**WM INTERNATIONAL GROUP, LLC;**
**WINDOW MART, INC.; LILIANA**
**MORALES; and LUIS A. MORALES,**
                Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendants WM International Group, LLC ("WM"); Window Mart, Inc.; Liliana Morales; and Luis A. Morales's Renewed Motion for Summary Judgment [ECF No. 47].[1] Plaintiff Abel Danildo Gerez Batista's brings this action against the Defendants seeking unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* The Court has reviewed the record, the parties' briefs, and the applicable law. For the reasons that follow, the Defendants' motion shall be granted.[2]

**I.   FINDINGS OF FACT**

The facts here are largely undisputed. From August 10, 2013, to December 19, 2014, Plaintiff Batista was employed as a window installer for Defendant WM, a company owned by Defendants Liliana and Luis Morales. Throughout Batista's employment, WM used the fictitious

---

[1] The original Renewed Motion for Summary Judgment was filed only by Defendants Window Mart, Inc.; Liliana Morales; and Luis Morales. However, Defendant WM International Group, LLC, who entered this action after the Renewed Motion was filed, has joined the Renewed Motion and adopted the other Defendants' arguments in full. [ECF No. 63].

[2] Because the Court is granting the Defendants' motion for summary judgment, which is dispositive of Batista's FLSA claims, Batista's own Motion for Partial Summary Judgment [ECF No. 48] shall be denied as moot.

1

name "Window Mart." Batista's work for WM primarily consisted of repairing and installing windows and screens. As part of his job duties, Batista regularly used materials, supplies, and tools that either originated or were manufactured outside of Florida, including screen mesh, rollers, framing material, window mechanics materials, and window frames and glass. For his work, Batista was paid $500 to $600 per week, and occasionally received varying amounts as bonuses.

## II. DISPUTED FACTS

The Defendants have moved for summary judgment, arguing that Batista is not entitled to either "individual" or "enterprise" coverage under the FLSA. The parties dispute two material facts related to FLSA coverage: (1) whether WM received its business supplies and tools directly from out-of-state suppliers, or whether it purchased them from local dealers; and (2) whether WM grossed more than $500,000.00 per year during the years the Defendants employed Batista.

## III. LEGAL STANDARD

Summary judgment, pursuant to Federal Rule of Civil Procedure 56(a), "is appropriate only if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Tolan v. Cotton*, 572 U.S. —, 134 S. Ct. 1861, 1866 (2014) (per curiam) (quoting Fed. R. Civ. P. 56(a)) (internal quotation marks omitted); *see also Alabama v. North Carolina*, 560 U.S. 330, 344 (2010). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no **genuine** issue of **material** fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

An issue is "genuine" when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). And a fact is "material" if, "under the applicable

2

substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004) (citations and internal quotation marks omitted). "Where the material facts are undisputed and all that remains are questions of law, summary judgment may be granted." *Eternal Word Television Network, Inc. v. Sec'y of U.S. Dep't of Health & Human Servs.*, — F.3d —, 2016 WL 659222, at *9 (11th Cir. Feb. 18, 2016).

The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014). However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015).

**IV.    DISCUSSION**

To establish an FLSA claim, Batista must show, at the outset, ***either*** "individual coverage," *i.e.*, that he was engaged in commerce or in the production of goods for commerce, ***or*** "enterprise coverage," *i.e.*, that the Defendants are an enterprise engaged in commerce or in the production of goods for commerce. *See* 29 U.S.C. § 207(a)(1). The operative question in this summary judgment analysis, then, is whether Batista has established that he is subject to either type of coverage. The Court finds that he has not.

   **A.    *Individual Coverage***

A plaintiff establishes individual coverage by showing that he was engaged in "the actual movement of persons or things in interstate commerce." *Thorne v. All Restoration Serv., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006). The governing law under these circumstances is straightforward. An employee who obtains items from a local store on their employer's behalf is not engaged in commerce sufficient to establish individual coverage, even if the store previously purchased those

3

items from out-of-state wholesalers. *See id.* at 1267; *see also Navarro v. Broney Auto Repairs, Inc.*, 533 F. Supp. 2d 1223 (S.D. Fla.), *aff'd*, 314 F. App'x 178 (11th Cir. 2008) (per curiam). But if an employer *directly* receives components or parts from out-of-state suppliers with whom it regularly does business, then an employee's use of those parts and components in installations for the employer's customers *does* establish individual coverage. *See Mendoza v. Discount C.V. Joint Rack & Pinion Rebuilding, Inc.*, 101 F. Supp. 3d 1282 (S.D. Fla. 2015); *see also Alonso v. Garcia*, 147 F. App'x 815, 816 (11th Cir. 2005) (per curiam).

The Defendants deny that any of their business materials traveled through interstate commerce directly to them, and argue that the materials were shipped from outside Florida to local retailers and purchased locally by the Defendants or their employees. As evidence, they have proffered an interrogatory response listing every vendor from which they purchased materials—all of which are located within the state of Florida. *See* Defs.' Resp. to Pl.'s First Set of Interrogs. at 4. Conversely, Batista argues that the construction tools and materials were shipped from outside Florida directly to the Defendants, supported solely by four invoices from Strybuc Industries—one of the Defendants' vendors—whose invoice stationary is imprinted with its two addresses: one in Sharon Hill, Pennsylvania, and one in Hialeah, Florida. [ECF No. 49-1]. The invoices were for various purchases billed and shipped to Window Mart. *Id.*

A letterhead displaying both local and out-of-state addresses is not alone sufficient for Batista to satisfy his individual coverage burden or rebut the Defendants' evidence. Even so, he testified at his deposition that he went to Strybuc's Hialeah location on several occasions to pick up glass and other parts. *See* Pl.'s Dep. at 36:6-24. Accordingly, because Batista cannot show that he was engaged in interstate commerce, he fails to establish individual coverage, and the Defendants' motion for summary judgment on this issue shall be granted. *See Navarro*, 533 F. Supp. 2d at 1226 ("[T]he evidence of record shows that Mr. Navarro's duties are all intrastate. He picks up

4

auto parts from local auto part dealers and then installs them in customers' cars. . . . [T]he fact that a number of the auto parts have crossed state lines at a previous time does not in itself implicate interstate commerce." (citation and internal quotation marks omitted)).

### B.   *Enterprise Coverage*

An employee is subject to enterprise coverage if the employer (1) has at least two employees engaged in interstate commerce or the production of goods for interstate commerce, or who handle, sell, or otherwise work on goods or materials that had once moved in or been produced for commerce by any person; **and** (2) has gross sales of at least $500,000 in sales annually. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1317 (11th Cir. 2011) (citing 29 U.S.C. § 203(s)(1)(A)(i)–(ii)). The Plaintiff must "provide concrete, admissible evidence" that the employer meets "both statutory requirements." *Id.* "[I]t is not the defendants' burden to disprove enterprise coverage; it is the plaintiff's burden to show that it exists." *Whineglass v. Smith*, No. 11-2784, 2013 WL 2237841, at *12 (M.D. Fla. May 21, 2013) (citing *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437-38 (11th Cir. 1991)). Batista has not done so.

The Defendants have submitted their 2013 and 2014 tax returns. The 2014 tax return states that the WM's gross receipts or sales were $63,974. [ECF No. 26-1 at 10]. And the 2013 tax return states that WM's gross receipts or sales were $18,773. *Id.* "Absent contradictory evidence, tax returns are sufficient to demonstrate an FLSA defendant's annual gross volume of sales made or business done." *Salle v. Nirvana Invs. LLC*, No. 15-0229, 2015 WL 7272681, at *3 (M.D. Fla. Nov. 18, 2015). Batista disbelieves the tax returns, arguing that "either Defendants cheated on their taxes to save money and are lying to this Court, or, Defendants are absolutely awful at accounting. . . . Defendants['] statements are not probative of any fact, and thus cannot support that they received less than $500,000.00 in revenue." Pl.'s Opp'n at 6. However, Batista has proffered no evidence to support either of these assertions.

A plaintiff's conclusory assertion that an employer understated its income on its tax returns is not worthy of credence. *See Lopez v. Top Chef Inv., Inc.*, No. 07-21598, 2007 WL 4247646, at *3 (S.D. Fla. Nov. 3, 2007). As Batista conceded in his deposition, he never saw the Defendants' invoices, he never looked at the Defendants' bank accounts, and he never spoke to the Defendants' accountant. Pl.'s Dep. at 28:2-3, 29:25-30:6. He admitted to not having any personal knowledge of the Defendants' finances, and he testified that the most amount of money he ever handled personally for the Defendants on any given day was $800 (but more often between $100 and $400 per day). *Id.* at 30:7-9, 30:16-24, 31:5-18. Batista argues that he was paid at least $8500 for his work in 2013 (based on a weekly wage of at least $500), which means he was paid approximately 45% of the revenue Defendants received during 2013—an improbable proportion. But as an employee tasked with repairing and installing windows, Batista had limited duties, and he had no personal knowledge of actual revenue taken in by the Defendants. Regardless of his asserted knowledge pertaining to the amount of money he handled each day, or to the amount of money he was paid, "the record does not indicate he had any knowledge or experiences with the financial practices of the business." *Hernandez v. Nanju Corp.*, No. 07-22786, 2008 WL 1925263, at *3 (S.D. Fla. Apr. 30, 2008).

The Court finds no basis to accept Batista's inference that the Defendants underreported gross receipts of more than $436,000 in 2014 or more than $481,000 in 2013. *See Arilus v. Joseph A. DiEmmanuele, Jr., Inc.*, 895 F. Supp. 2d 1257, 1263 (S.D. Fla. 2012). Even if the Court assumes that the Defendants underreported their income, Batista has not proven that Defendants had annual gross sales of at least $500,000. Thus, Batista has failed to establish that he is subject to enterprise coverage, and the Defendants' motion for summary judgment on this ground must be granted.

## V. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the Defendants' Renewed Motion for Summary Judgment [ECF No. 47] is **GRANTED**.

The Plaintiff's Motion for Partial Summary Judgment [ECF No. 48] is **DENIED AS MOOT**.

Pursuant to Federal Rule of Civil Procedure 58, final judgment will be entered separately. This case is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of March, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE